**Lewis R. THOMPSON, Appellant,**

v.

**The ATLANTIC BUILDING CORPORATION, Appellee.**

**No. 1530.**

Municipal Court of Appeals for the District of Columbia.

Argued Aug. 24, 1954.

Decided Sept. 22, 1954.

Leon L. Sclawy, Washington, D. C., for appellant.

William H. Clarke, Washington, D. C., with whom Galiher & Stewart and Julian H. Reis, Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellant sued for an alleged assault committed upon him by an employee of appellee. Trial by jury resulted in a verdict and judgment in favor of appellee. Appellant urges reversal on two grounds.

The first ground is based on the following. Appellant was the first witness on his behalf and the noon recess was reached before appellant's direct examination was completed. As the court prepared to recess it admonished the jury not to discuss the case during the recess, and then addressed appellant in these words:

"Now, Mr. Witness, you have not completed your testimony. Therefore you are directed not to discuss this case with anyone and not to permit anyone to discuss it with you. That includes your own counsel and everyone else, until your testimony has been completed and you have left the witness stand. In so far as this case is

concerned anything pertaining to it, your lips are sealed."

Appellant's counsel protested, but the court adhered to its ruling. Appellant argues that this ruling had the effect of denying to him the right to aid and assistance of counsel. Appellee argues that the ruling was within the sound discretion of the trial court. Neither party has cited to us any authority directly in point and the precise question seems to have arisen in few cases. However, we believe the ruling in United States v. Venuto, 3 Cir., 182 F.2d 519, 522, answers the question. There the defendant in a criminal case was under cross-examination when the court adjourned at four o'clock. The trial court instructed defendant and his counsel not to consult together during the overnight recess. Twice while defendant was on the stand the court took short recesses and instructed the defendant to have no discussion with his counsel or anyone else. Because of these rulings the third circuit reversed a judgment of conviction, saying:

"We can find no justification for imposing a restriction of silence between accused and counsel during a trial recess."

The Venuto case was cited, quoted from and approved by the highest court of this jurisdiction in Coplon v. United States, 89 U.S.App.D.C. 103, 191 F.2d 749, certiorari denied, 342 U.S. 926, 72 S.Ct. 363, 96 L.Ed. 690.[1] While both the Venuto and Coplon cases were criminal cases and the instant case is a civil one, we feel that the right to effective assistance of counsel in the course of a trial is as necessary and important to a civil litigant as to an accused in a criminal proceeding. Every trial lawyer will appreciate the handicap which would result if he were prohibited from conferring with his client during a trial recess. The handicap would be greater or less under differing circumstances, but it would always be a handicap, and we do not agree with appellee that it is incumbent on appellant to show how and to what extent he was prejudiced by the court's ruling.

As there must be a new trial, there is no occasion for discussing the question raised by the appellant's second point as it is not likely to arise on the new trial.

Reversed with instructions to grant a new trial.

1. People v. Prevost, 219 Mich. 233, 189 N.W. 92, may be to the contrary, but it appears that there the defendant asked for the ruling prohibiting the talking with witnesses while they were being cross-examined and then objected when the ruling was applied to him.