387 P.2d 235

**G. W. CLARK and Ben F. Williams, Sr., Appellants,**

**v.**

**COMPANIA GAÑADERA de CANANEA, S.A., a corporation, et al., Appellees.**

No. 7156.

Supreme Court of Arizona.

In Division.

Dec. 11, 1963.

Ben F. Williams, Jr., and W. Shelley Richey, Douglas, for appellants.

Evans, Kitchel & Jenckes, Phoenix, for appellees Compania Ganadera de Cananea, S.A., Ranchos de Cananea, Octavio Elias, Enrique Cubillas, Kemper Marley and Frank T. Greene.

Gentry & McNulty, Bisbee, for appellees Estate of Mary Greene Wiswall, decd., and George A. Wiswall, Exr.

John M. Williams, Douglas, for appellee Florence G. Sharp.

James M. Murphy, Tucson, for appellee Clarence Kirk Greene.

James V. Robins, Nogales, for appellee Charles Harrison Greene.

Beer, Seaman & Polley, Phoenix, for appellees, Virginia Sturdivant and Cia. Minera de la Trinidad, a corp., trustee for Virgina Sturdivant.

JENNINGS, Justice.

We deem it necessary to enlarge upon the following novel problem, which we casually mentioned in the original opinion: Under the circumstances, were appellants required, at their peril, to include in the record the evidence, if any, adduced respecting a condition subsequent, a matter of defense, when

the lower court directed a verdict *at the end of their case* on the ground of merger and in making the ruling used words which negatived any idea that he had considered the condition subsequent in making the decision?

The material facts are that appellants' assignors allegedly entered into contracts with appellees Ranchos and Ganadera for the sale and delivery of cattle, appellants and appellees being organized under the laws of the United States and Mexico respectively. There was a stipulation in the alleged contracts "that the delivery of the cattle was contingent upon their being no restrictions imposed by Mexico or the United States on competent authority." Appellants sued appellees for failure to deliver 2,-233 head of cattle. In defense appellees alleged affirmatively that restrictions had been imposed by the governmental authorities, thereby excusing them from their nonperformance.

It was undisputed that a contract with Ganadera had been consummated. The complaint, however, was dismissed as to that party on jurisdictional grounds. The *court, at the end of appellants' case*, directed a verdict for Ranchos on the ground that the alleged contract with Ranchos had been merged into the contract with Ganadera. This ruling absolved Ranchos of any liability whatever since it was not a party to the latter contract.

Appellants assigned as error the ruling on the ground of merger and included in the record all of the evidence adduced below which was necessary to a determination of this alleged error. Appellees contended that whether the lower court ruled on the ground of merger was immaterial; that the directed verdict was the only result that could have been legally reached since there never was a contract consummated with Ranchos in the first place; and that even if this Court did find that a contract came into existence, it would, nevertheless, be compelled to affirm the judgment of the lower court for the reason that *the record* did not disclose a breach of such contract or damages sustained as a result thereof. In answering this contention we found that the record did contain sufficient evidence to show that appellants had made out a prima facie case below, namely, that a contract with Ranchos had been consummated, that appellees had failed to deliver the remaining cattle, and that damages had been sustained as a result thereof.

What appellants did not do was place in the record the evidence, if any, adduced respecting the contingency which, if proved below, would have excused appellees from their nonperformance. It was for this reason appellees made the statement "the record did not disclose a breach of such contract." To this we said that the issues of breach of contract and damages were not properly before us at that time but that we

were only concerned with whether appellants had made out a prima facie case warranting the submission thereof to the jury.

Our statement needs elaboration. It was undisputed that the sellers had failed to deliver the cattle but it was alleged that such delivery was excused under the terms of the contract by reason of restrictions imposed upon their exportation. Whether a limitation, condition, or proviso in a contract is one precedent, subsequent, or a mere covenant is not to be determined alone by any technical language used, but primarily by the intention of the parties as evidenced by the transaction and the language used. Cozby v. Edwards, 203 S.W.2d 569 (Tex.Civ.App.1947). The parties, by their pleadings, evinced the intention that it was a condition subsequent which would excuse appellees' nonperformance. Such being the case, it was a matter of defense to be pleaded and proved by appellees in the lower court. Title Guaranty & S. Co. v. Nichols, 224 U.S. 346, 32 S.Ct. 475, 56 L.Ed. 795 (1912). We must remember that the directed verdict came at the end of appellants' case.

Appellees contend, however, that there was testimony elicited during appellants' case concerning this issue; that appellants elected not to include this in the record; that under the circumstances it must be presumed by this Court that when the trial court was required to rule upon appellees' motion for directed verdict, he had before him testimony which either (a) failed to disclose an absence of such restrictions or (b) affirmatively disclosed the existence of such restrictions; that the burden was upon appellants to overcome the presumption that the lower court's ruling was correct and that they have failed to sustain this burden.

We disagree. At this juncture we will review the language used by the court in making the ruling below:

"Gentlemen—*At the very outset of this case a motion to dismiss was made by Mr. Jenckes on the basis of merger of the contracts* of the letter of August 21, 1957, and the resolution of September 27, 1957 and October 1st, 1957. The Court's feeling at this time was that this was strictly a question of law that should not be submitted to the jury as to whether the contract of October 1st was an integrated contract. The Court also took the view that in order to make that determination certain facts had to be presented to the court; that in many instances the facts would make the situation—they will vary. I have listened to the evidence carefully *with that in mind,* and have compared the various letters, notes and contracts as well as the resultion. I believe Mr. Jenckes' contention that the resolution is null and void is not before the court at this time. *I feel that the plaintiffs' have es-*

*tablished a prima facie case.* On the other hand, the court takes the view that the letter-contract of October 1st is integrated, unambiguous, stands on its own, that any transaction up to October 1st, 1957 was included in that particular contract and therefore it is the feeling of this court that Ranchos de Cananea should not be in the litigation of this lawsuit. I have considered the facts carefully and I cannot conceive the legal significance of the contract. It is unambiguous. The court's interpretation is that there are three or four contracts and that those three or four contracts may be added to another contract. But this letter of September 21st does not add anything to the contract of October 1st. So Mr. Richey I am sorry but the court feels strongly that is the law and under the facts I am going to grant the motion to dismiss the case as to Ranchos. I think that is the only motion before the Court now." (Emphasis ours.)

■■ It was incumbent upon appellants, in establishing a prima facie case, to prove the existence of the contract with Ranchos, the breach of the same, and the resulting damages. Supergear Drive Corporation v. Hollister-Whitney Co., 327 Ill.App. 414, 64 N.E.2d 672 (1945). From the lower court's statement "I feel that the plaintiffs have established a prima facie case" and our independent examination of the record, we concluded that appellants had established a prima facie case warranting submission thereof to the jury. We could not infer, however, that the absence of an excuse for nonperformance was proved by appellants for this was not an essential element of their case. As stated supra, it was incumbent upon appellees to prove affirmatively the existence of conditions which would excuse their nonperformance.

■ We are fully aware of the rule that a directed verdict will be sustained where it was the only result that could be legally reached although the court acted on wrong reason. Nevertheless, if evidence was adduced regarding this issue, the court directed the verdict on the ground of merger and expressly stated "that he listened to the evidence carefully with that in mind." This impliedly negatived any finding with respect to the contingency and it would be leaving too much to conjecture to infer the lower court made such a finding.

■ Appellants, therefore, under the unique circumstances of this case, were not required to include in the record the evidence, if any, adduced regarding the contingency. If there was testimony respecting this issue, appellees could have designated that appellants include this as a part of the reporter's transcript under Ariz.Rules Civ.Procedure 75(b), 16 A.R.S.

In our original opinion we took for granted that Ganadera and Kemper Marley were not parties to this appeal. On remand the judgment of the lower court in the particulars that appellants' amended complaint be dismissed without prejudice as to Ganadera and that a verdict be directed as to Kemper Marley is hereby ordered affirmed.

Motion for rehearing denied.

UDALL, V. C. J., and STRUCKMEYER, J., concur.