419 P.2d 398

**CHEMI-COTE PERLITE CORPORATION, a corporation, Appellant,**

v.

**HARBORLITE CORPORATION, a corporation, Appellee.\***

**2 CA–CIV 257.**

Court of Appeals of Arizona.

Oct. 20, 1966.

Spector & Johnson, by R. E. Johnson, Phoenix, for appellant.

Forquer, Wolfe & Rosen, by Sidney B. Wolfe and Allen L. Feinstein, Phoenix, for appellee.

MOLLOY, Judge.

This is an appeal from a judgment adverse to the plaintiff in an action brought to restrain the defendant from trespassing on two unpatented mining claims in Pinal County, Arizona. The case was tried to the court without a jury. The opening brief of the appellant indicates that the issues tried to the court revolve around whether or not the defendant had breached a lease between the plaintiff, as lessor, and Superior Industries, Inc., as lessee, the lessee's interest in which the appellant

---

\* This appeal was filed with the Arizona Supreme Court and assigned that court's No. 8482. The matter was referred to. this court pursuant to section 12–120.23, A.R.S.

states was assigned to the appellee prior to the bringing of this action.

The judgment of the lower court indicates that the trial court found:

"That there was not sufficient evidence introduced necessary to prove a forfeiture of the lease; that the Defendant and not the Plaintiff was and still is in possession of the property more specifically described in the complaint; that the Defendant did not commit any substantial violations of the terms of the lease of said property."

In its brief, the appellant states that the lease in question provided for a sixty day notice of termination in the event of default on the part of the lessee to fulfill any of its obligations under said lease, that the lease required the lessee to pay certain royalties, to mine the claims in a minerlike fashion and to perform other obligations under the lease, that the lessee defaulted in payment of royalties, that notice was given on August 17, 1961, of appellant's intention to terminate the lease unless certain deficiencies were corrected within sixty days, and that the lessee failed to correct the deficiencies within such time. The contentions made on appeal are to the effect that the evidence conclusively established that the lease in question was breached and that therefore the court was not justified in finding against the plaintiff in the lower court.

No transcript of the evidence has been made a part of the record on appeal. The appellee contends there was sufficient evidence to justify the court's findings and judgment and that the appellant's position on appeal is fatally defective because of the lack of a transcript. Besides this deficiency, the appellee calls our attention to the fact that several of the most critical exhibits, for instance, the lease upon which the action is predicated, do not appear to have been admitted in evidence at the trial to determine whether a permanent injunction should issue, but rather were only admitted at the hearing on a petition for temporary restraining order. Addi-

tionally, we note that the abstract of record contains no answer, nor any pretrial order, so that it is difficult to determine what issues were being tried.

■ The well-established general law appears to be that if an appellant bases an appeal upon the contention that there was insufficient evidence to support the judgment of the trial court, it is incumbent upon appellant to bring before the appellate court all of the evidence admitted below. 4A C.J.S. Appeal and Error § 1041, p. 1010; 4 Am.Jur.2d Appeal and Error, § 404, p. 867.

■ It is the appellant's contention that it was the appellee's duty to designate those portions of the transcript which support the judgment below. The appellant points to Rule 75(b), Rules of Civil Procedure, 16 A.R.S., which provides in part:

"75(b) Transcript. If there is designated for inclusion any evidence or proceeding at a trial or hearing which was stenographically reported, the appellant shall file within the period of time provided for transmitting the record on appeal as specified in Rule 73(s), two copies of the reporter's transcript of the evidence or proceedings included in his designation. If the designation includes only part of the reporter's transcript, the appellant shall file two copies of such additional parts thereof as the appellee may designate that he desires to have added, and if the appellant fails to do so the court on motion may require him to furnish the additional parts needed."

The contention of the appellant that this rule places some burden upon the appellee when no transcript at all is made a part of the record on appeal lacks supporting authority in the briefs filed in this court. We believe the general law cited above to be controlling and that the above quoted portion of Rule 75(b) does not provide for any exception to this general rule.

The appellant also relies upon Clark v. Compania Ganadera de Cananea, S. A., 95 Ariz. 90, 387 P.2d 235 (1963), which

held that a transcript of the testimony was not necessary when the trial court had granted a motion to dismiss as to one defendant at the conclusion of the plaintiffs' case. In this decision, our Supreme Court found that it was apparent from the record that the reason given for the dismissal was legally erroneous and therefore it was not necessary to include the entire transcript of testimony in order to rule upon the question before the appellate court. Our Supreme Court referred in its decision to "* * * the unique circumstances of this case, * * *" (95 Ariz. at 94, 387 P.2d at 238) to justify its holding that the absence of a full transcript was not fatal to the appellants' appeal. In the instant action, we find no such "unique circumstances."

Also, appellant cites In re Balke's Estate, 68 Ariz. 373, 206 P.2d 732 (1949). We do not find In re Balke's Estate to be any support for the appellant's position. Among the portions of this opinion which influence us to this conclusion are the following:

> "It is clear that the appeal of the executor from the order of the lower court is not dependent upon a reporter's transcript of the evidence, for his position is that the trial court erred as a matter of law in allowing attorneys' fees to be paid from the estate for services to the Consul. And it is immaterial to such a position whether or not such services were beneficial to the estate. *A different situation would be presented if the executor was appealing from the order for the reason that there was insufficient evidence to support it.*" (Emphasis added)

68 Ariz. at 378, 206 P.2d at 736

> "The Consul raises the further objection that the showing below was insufficient to support the court's action in vacating its original order and directing distribution to Louie M. Byrd, attorney in fact, of the shares of the Polish Nationals. But the recital within the order and decree of September 30th 'evidence both oral and documentary having been submitted to the court' cannot be ignored. *We cannot question the sufficiency of the evidence to sustain this decree as no transcript of this hearing is before us. We must assume on this state of the record that the evidence sustained the order rendered.* Julian v. Carpenter, 65 Ariz. 157, 176 P.2d 693. The burden rested upon the Consul as cross-appellant to produce the transcript upon which his objection was based." (Emphasis added)

68 Ariz. at 384–385, 206 P.2d at 740

 It is not apparent from the record before us that the trial court committed any error. The trial court listened to the testimony of four witnesses at the trial of this action. We believe that applicable law and fundamental fairness compels us to assume that there was some evidence presented to him to justify his judgment.

Judgment affirmed.

KRUCKER, C. J., and HATHAWAY, J., concur.