438 P.2d 770

Ralph QUILA and Wanda Quila, his wife, Appellants,

v.

The ESTATE of Dorothy Lee Finch SCHAFER, Deceased, by Richard Stetson, Special Administrator, Appellee.

I CA–CIV 235.

Court of Appeals of Arizona.

March 25, 1968.

Ralph Quila, in pro. per.

Laney, Randolph, Warner & Angle, Melvin L. Vaughn, Phoenix, for appellee.

HATHAWAY, Chief Judge.

The appellants were defendants in an action commenced by the special administrator of the estate of Mrs. Schafer to recover certain personal property in the defendants' possession which had belonged to the decedent. The defendants claimed ownership of the property by virtue of a bill of sale and a "lease purchase" agreement executed by the decedent. From a judgment in favor of the estate, the defendants appealed.

The amended complaint sought recovery of certain designated personal property or the reasonable value thereof on the grounds that the aforementioned conveyances were executed by the decedent as a consequence

of undue influence exerted by the defendants who occupied a fiduciary relationship with her. The estate's position was that the decedent was incapable of executing a binding contract because of her debilitated mental and physical condition caused by the disease of cancer which resulted in her death [1] and that the defendants, who had maneuvered themselves into a position of trust, had prevailed upon her to sign the conveyances.

The defendants, appealing in propriae personae, challenge the sufficiency of the evidence to support the judgment and claim the trial court erred in permitting the decedent's son to testify over objection and in denying their motion for a new trial. In their reply brief, they raise additional questions of dubious merit which were not raised in the trial court. We will not consider them when raised for the first time in a reply brief. Miller v. Boeger, 1 Ariz.App. 554, 405 P.2d 573 (1965).

The defendants have not favored this court with a complete transcript of the evidence presented to the trial court, designating for inclusion in the record only certain portions of the testimony. Although the plaintiff designated the remainder of the evidence, the defendants did not furnish this additional portion as required by Rule 75(b), Rules of Civil Procedure, 16 A.R.S. The defendants contend that the plaintiff failed to prove a constructive trust by the clear and convincing evidence which is required in this jurisdiction. We agree that the decedent's personal representative, who sought to impose a trust on the property which appeared to have been validly transferred to the defendants, had such burden. Smith v. Connor, 87 Ariz. 6, 347 P.2d 568 (1959).

The portion of the transcript which is in the record before us contains testimony as to the decedent's poor condition on and prior to March 17, 1964 and

her close relationship with the defendants. Since we do not have the remainder of the testimony, we must perforce conclude that the trial court's judgment was sustained by the evidence. Chemi-Cote Perlite Corp. v. Harborlite Corp., 4 Ariz.App. 268, 419 P.2d 398 (1966). The duty to bring before this court all the evidence lay with the defendants who challenged the sufficiency of the evidence to support the judgment. Id. at 269, 419 P.2d 398. This they have not done and we are compelled to assume that the plaintiff's proof met the "clear and convincing" test.

The defendants contend that the trial court erred in permitting the decedent's son to testify, over objection, in contravention of our Dead Man's Statute, A.R.S. § 12–2251:

"In an action by or against executors, administrators or guardians in which judgment may be given for or against them as such, neither party shall be allowed to testify against the other as to any transaction with or statement by the testator, intestate or ward unless called to testify thereto by the opposite party, or required to testify thereto by the court. The provisions of this section shall extend to and include all actions by or against the heirs, devisees, legatees or legal representatives of a decedent arising out of any transaction with the decedent."

Our examination of the son's testimony discloses that it did not relate to transactions and statements of the decedent but rather to his own relationship with the defendants. Furthermore, the statute has no application to the son's testimony since he was not a *party* to the lawsuit. Murillo v. Hernandez, 79 Ariz. 1, 6, 281 P.2d 786 (1955). The mere fact that he had an interest in the outcome of the lawsuit did not disqualify him under the statute. Corbett v. Kingan, 19 Ariz. 134, 166 P. 290 (1917). Therefore it was not error to permit him to testify.

---

1. The conveyances were executed on March 17, 1964 and Mrs. Schafer died on March 26, 1964.

The defendants contend that the trial court erred in refusing to grant them a new trial "when it is clearly established that witnesses wilfully testified falsely to a material fact." [2] In support of their motion for a new trial, the defendants submitted depositions and affidavits of certain individuals.[3] Their statements primarily concerned the activities and conduct of the decedent's son whose testimony the defendants challenged as perjured.

No authority in this jurisdiction on the point has been cited to us but federal court decisions indicate that a new trial may be granted when it is shown that a witness wilfully testified falsely to a material fact, particularly where the perjured testimony was either induced by or given by the opposite party. See Traylor v. Pickering, 324 F.2d 655 (5th Cir. 1963); Hunter v. Thomas, 173 F.2d 810 (10th Cir. 1949). The trial court apparently decided adversely to defendants their contention as to "perjured testimony." We have carefully scrutinized their proffered evidence in support of this claim and reach the same conclusion, hence find no abuse of discretion in the denial of a new trial.

Judgment affirmed.

HERBERT F. KRUCKER, Judge, LAWRENCE HOWARD, Superior Court Judge, concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120(E).

NOTE: Judge JOHN F. MOLLOY having requested that he be relieved from consideration of this matter, Judge LAWRENCE HOWARD was called to sit in his stead and participate in the determination of this decision.

2. Quote from appellants' opening brief.

3. These ex parte statements appear to have been taken by the defendants in connec-

tion with another lawsuit instituted by them against the special administrator in his individual capacity and another named defendant, both of whom are attorneys.