457 P.2d 724

**Andrew J. EVANS and Mary R. Evans, his wife, Appellants,**

**v.**

**The SCOTTSDALE PLUMBING COMPANY, Inc., an Arizona corporation, substituted for C. & B. Development Corporation, an Arizona corporation, Appellee.**

**No. I CA–CIV 936.**

Court of Appeals of Arizona, Department B, Division 1.

Aug. 7, 1969.

Rehearing Denied Sept. 18, 1969.
Review Denied Oct. 28, 1969.

Machmer, Lehman & Cantor, by Lawrence C. Cantor, Phoenix, for appellants.

Roush, Mori, Feinstein & Welch, by Allen L. Feinstein, Phoenix, for appellee.

HAIRE, Judge.

When this action was filed on January 21, 1963, undoubtedly the plaintiff-appellee did not fully appreciate the extent of the complications which would arise in this simple mortgage foreclosure action, and which have extended this litigation over a period of approximately six and one-half years.

The first appeal in this matter was from a default judgment entered July 4, 1964. On that appeal this Court set aside the default and remanded the matter for further proceedings. Evans v. C. & B. Development Corporation, 4 Ariz.App. 1, 417 P.2d 372 (1966). As appears hereinafter, these "further proceedings" have been more than either party could have anticipated. After several interim filings by appellants in this Court and in the Supreme Court seeking extraordinary relief (see Supreme Court Docket Nos. 9229, 9246 and 9364; Court of Appeals Docket No. 1 CA–CIV 853), this matter is once again before us on an appeal filed by the defendants. All of the applications for extraordinary relief mentioned above have now been terminated adversely to the appellants.

This latest appeal originally involved two separate notices of appeal from separate judgments entered by the trial court on January 26, 1968, and on April 29, 1968, respectively. By order of this Court entered November 6, 1968, the appeal from the second judgment and related matters was dismissed for reasons stated in said order, leaving pending the appeal from the judgment entered on January 26, 1968. Therefore any proceedings in the trial court subsequent to January 26, 1968, which were the subject of the second notice of appeal filed July 22, 1968, are no longer involved.

The judgment involved in this appeal is the usual form of judgment of foreclosure, including amounts for receivership fees and deficiency, principal, interest and attorneys' fees. There is also a provision in the judgment prohibiting execution on any deficiency pending further proceedings, but such provision is not pertinent to the issues here on appeal.

Appellants have presented several separate questions on this appeal, most of which question the sufficiency of the evidence to support the judgment. Evidence was received by the Court without a jury at three separate hearings. These hearings were

held on July 5, 1967, December 15, 1967, and January 15, 1968. Although the appellants' designation of record specified inclusion of the reporter's transcript of all trials and hearings, the appellants failed to make the transcripts of the July 5, 1967, and January 15, 1968 hearings part of the record.*

■ The rule is well established that an appellant may not question the sufficiency of the evidence to support the trial court's judgment without bringing before the appellate court all of the evidence admitted by the trial court. Chemi-Cote Perlite Corp. v. Harborlite Corp., 4 Ariz.App. 268, 419 P.2d 398, 399 (1966); Quila v. Estate of Schafer, 7 Ariz.App. 301, 438 P.2d 770, 771 (1968); and Phoenix Finance Co. v. Culley, 7 Ariz.App. 393, 439 P.2d 840, 841 (1968). Therefore, this Court will not consider further any questions raised by defendants relating to the sufficiency of the evidence.

After the trial on July 5, 1967, the trial court entered its findings of fact as follows:

"1. On or about November 21, 1961, Andrew J. Evans and Mary R. Evans, his wife, executed a promissory note in the principal sum of $65,626.30 in favor of C & B Development Corporation.

"2. By instrument dated November 21, 1961, Andrew J. Evans and Mary R. Evans, his wife, executed a realty mortgage securing the above note and covering the real property which is the subject of this action.

"3. The above realty mortgage was duly recorded on December 18, 1961, and on that date became a valid lien on the real property which is the subject of this action.

"4. The above note and realty mortgage were exchanged by C & B Development Corporation and Andrew J. Evans and Mary R. Evans, his wife, in a transaction reflected in escrow number 303691 at Union Title Company.

"5. In accordance with the above note and mortgage, Andrew J. Evans and Mary R. Evans, his wife, were required to pay to C & B Development Corporation on October 15, 1962, an installment of interest in the amount of $3,281.32, but the Evanses were granted an oral extension of time to January 1, 1963, to pay such installment. No further extension of time was ever requested of plaintiff C & B Development Corporation, and no extension of time was granted or any notice thereafter given by plaintiff C & B Development Corporation.

"6. As of the date of the commencement of this action on January 21, 1963, Andrew J. Evans and Mary R. Evans, his wife, had not made the above payment of interest, or any part thereof, to C & B Development Corporation.

"7. On January 21, 1963, C & B Development Corporation commenced this action, thereby accelerating the above note and mortgage.

"8. Plaintiff C & B Development Corporation did not waive its right to commence this action on January 21, 1963, and C & B Development Corporation was not estopped from so commencing this action.

"9. By January 21, 1963, Andrew J. Evans and Mary R. Evans, his wife, had failed to make two monthly payments of principal and interest due on each of the two mortgages covering the real property which is the subject of this action, which mortgages are senior and superior to the mortgage which is the subject of this action."

It will be noted that findings were not included as to the amount of receivership costs and expenses, and attorneys' fees awarded to plaintiff. These matters were the subject of hearings subsequent to the July 5, 1967, trial. In that connection, on December 15, 1967, a pre-trial conference was held, and upon stipulation of counsel,

* See the final paragraph of this opinion.

the Court ordered the trial to proceed on the receivership and attorneys' fees issues. Some evidence was received on that date. (The only transcript of evidence filed with this appeal covers this December 15, 1967, hearing). The trial was then recessed, and, after several continuances, resumed on January 15, 1968. After these hearings the trial court ordered that the sum of $21,335.61 for receivership costs be added to the amount previously awarded as the balance due on the promissory note and mortgage, that interest be allowed on the principal of the note, and that the appellee be allowed attorneys' fees in the amount of $8,500.00. The judgment which is the subject of this appeal was then entered on January 26, 1968.

The appellants first contend that the Court erred in ruling that after the failure of appellants to make the interest payment at the time the extension expired, the plaintiff was entitled to accelerate the remaining payments due under the mortgage by commencing its foreclosure action. The acceleration clause in the mortgage reads as follows:

"But in case of the non-payment of any sum of money either principal, interest, taxes, assessments, assessments and dues for irrigation water, power bills, or premiums of insurance, at the time or times when the same shall become due or delinquent as aforesaid * * * or in case of the failure of MORTGAGOR to keep or perform any other agreement, stipulation or condition herein contained, then in such case the whole amount of said principal sum shall be, at the option of MORTGAGEE, deemed to have become due, and the same, with interest thereon at the rate contracted, shall thereupon be collectible in a suit at law or by foreclosure of this mortgage, in the same manner as if the whole of said principal sum had been made payable at the time when any such failure shall occur, as aforesaid."

This provision clearly permits the mortgagee to accelerate upon the non-payment of an interest installment. However, appellants contend that when a mortgage interest payment is extended by agreement, as was done here, and nothing is stated to the effect that there will be an acceleration should the interest payment then not be forthcoming, the acceleration clause cannot be automatically exercised upon such later non-payment.

Appellants cite Munger v. Boardman, 53 Ariz. 271, 88 P.2d 536 (1939) and Arizona Coffee Shops, Inc. v. Phoenix Downtown Parking Association, 95 Ariz. 98, 387 P.2d 801 (1963) in support of their position. The Munger case, supra, does not in any way support appellants' contentions. In Munger, the Court upheld the position of the mortgagee that though the mortgagee has agreed to extend the time for payment, the lien of the mortgage continues through the extended period and the statute of limitations does not begin to run until the period of such extension ends. In support of its holding, the Court cited 41 C.J. Mortgages, Sec. 952(c) (1926) to the effect that during the period of the extension the lien of the mortgage continues and in addition, all of the mortgagee's rights and remedies thereunder also continue in existence. Applying this principle to the case at hand, the mortgagee's right to accelerate upon a subsequent default would not be extinguished by the time extension, but rather would be a remedy which would remain available to the mortgagee in the event of a subsequent default by the mortgagor. See Holman v. Roberts, 35 Ariz. 110, 274 P. 775 (1929); 59 C.J.S. Mortgages § 495(6) at 799 (1949).

The other case cited by appellants, Arizona Coffee Shops, Inc. v. Phoenix Downtown Parking Association, supra, merely held that the trial court in that case should not have granted summary judgment, but rather should have allowed and should have considered evidence as to whether or not the conduct of the mortgagee had been so unconscionable as to render it inequitable to grant foreclosure. In the case at bar, the trial court did hear

the evidence, did consider appellants' alleged defenses, specifically found that the mortgagee had not waived its rights and was not estopped from foreclosing its mortgage, and further that the evidence did not support the defenses raised by the appellants. There is nothing before this Court indicating a general course of conduct on appellee's part which would constitute waiver or estoppel as a matter of law. Upon the record we cannot say that the trial court abused its discretion in this regard.

■ The second contention of appellants is that the Court erred in its conclusion of law no. 4 which reads as follows:

"4. On January 21, 1963, C & B Development Corporation was entitled to accelerate and foreclose the note and realty mortgage which are the subject of this action, on the separate and additional basis of the implied condition contained in the mortgage to the effect that the mortgagor make due payment of principal and interest due on each of the two senior mortgages or be in default on the mortgage which is the subject of this action; to wit, on the basis of the evidence presented in connection with the failure of Andrew J. Evans and Mary R. Evans, his wife, by January 21, 1963, to make two monthly payments of principal and interest due on each of the two mortgages covering the real property which is the subject of this action, which mortgages are senior and superior to the mortgage which is the subject of this action."

Appellants assert that the above issue was not raised in the pleadings and is not supported by the evidence. As previously stated herein, due to the incompleteness of the record submitted to this Court, appellants cannot be heard to question the sufficiency of the evidence. Although not raised in the original pleadings, this issue was set forth in a joint pre-trial statement filed by counsel for appellants and counsel for appellee. It will be noted that conclusion of law no. 4 is expressly made a "separate and additional basis" to support the judgment. Inasmuch as the trial court's judgment is

adequately supported by other findings of fact and conclusions of law, we will not here express any opinion as to the correctness of conclusion of law no. 4 as applied to the facts found by the trial court.

■■ Appellants next contend that the court erred in allowing the January 15, 1968, hearing to proceed after the withdrawal of counsel who had been representing the appellants. Contrary to the statement contained in appellants' brief, the trial court minutes of January 15, 1968, do not reflect that this withdrawal was orally objected to by the appellants. The record does show that a written motion to withdraw was filed, that it was personally signed by both appellants and that it contained this recital:

"* * * counsel further shows the court that the clients have signed and endorsed this motion and by doing so acknowledge that they are advised of the trial date of January 15, 1968, at 9:30 o'clock a.m., before The Honorable John P. Collins, Judge of the Superior Court, in a division to be assigned by the Court Administrator of Maricopa County Superior Court and that said client has made suitable arrangements to be prepared for the trial at that time and date."

Further, the trial court, in granting the motion specified that "* * * said withdrawal is not to prejudice or delay the present trial date of January 15, 1968." After this had transpired, the appellants then (in propria persona) filed a "Verified Motion for Continuance", which was denied. The minutes do not reflect the reasons for the denial, but the record does reflect a history of delays and continuances. Under these circumstances and considering the paucity of the record before us, we cannot find any abuse of the trial court's discretion in denying the motion for a continuance. As stated in Dykeman v. Ashton, 8 Ariz.App. 327, 446 P.2d 26, 29 (1968):

"It is well settled in this State that a motion for continuance is directed to the sound discretion of the trial court, and unless that discretion has been abused the trial court's ruling will not be dis-

turbed by a reviewing tribunal. Merryman v. Sears, 50 Ariz. 412, 72 P.2d 943 (1937); City of Tucson v. O'Rielly Motor Company, 64 Ariz. 240, 168 P.2d 245 (1946)."

■■ Appellants next contend that the award of the trial court for attorneys' fees was excessive. The evidence relative to attorneys' fees was presented at the hearing held on December 15, 1967. This Court has examined the transcript of the evidence submitted at that hearing and finds that there is substantial evidence to support the award and that the trial court was fully justified in awarding plaintiff attorneys' fees in the amount of $8,500.00. Extensive evidence was introduced as to the nature, amount and value of the legal services rendered. The number of hours expended exceeded 300, excluding services in connection with the prior default and appeal in this matter. An award by trial court for attorneys' fees is tested in the same manner as any other judgment, and when there is substantial evidence to support it, it is our duty to affirm the award. Schwartz v. Schwerin, 85 Ariz. 242, 336 P.2d 144 (1959); McCune v. Dynamics Research, Inc., 8 Ariz. App. 13, 442 P.2d 550 (1968); Thomas J. Grosso Investment, Inc. v. Murphy, 8 Ariz. App. 94, 443 P.2d 701 (1968).

■ Appellants' last contention is that the trial court erred in "refusing to dismiss the entire action when it became known to the court that the appellee, * * * was no longer in existence and had not been in existence since the end of August 1967, * * *" There is nothing in the record on this appeal establishing that appellants moved to dismiss this action based upon the termination of the corporate existence of appellee. Appellants point out in their argument that this question was previously submitted to this Court on a petition for writ of certiorari, No. 1 CA–CIV 853. A review of the allegations of that petition and the response thereto reveals that the trial court action now complained of occurred after the entry of the judgment of January 26, 1968, and as a part of the trial which led to the judgment dated April 29, 1968. As previously stated herein, the appeal from that judgment has been dismissed, and matters relating thereto will not be considered on the appeal now before the Court.

Subsequent to the time this Court took this matter under advisement and considered the same, the appellants filed herein their "Motion to File Supplemental Matters and/or for Oral Argument". Appellee objected, pointing out the long history of delays due to appellants' tactics herein. This Court has considered said motion and has read the transcript which accompanied the motion, and find nothing in said transcript which would indicate that the trial court abused its discretion. Further, even if we allowed the filing of this supplementary transcript, the full record of the evidence submitted to the trial court would still not be before this Court for review. Accordingly, the motion is denied.

The judgment of the trial court is affirmed.

EUBANK, P. J., and JACOBSON, J., concur.