471 P.2d 319

James Joseph PAYNE, Appellant,

v.

Dawn PAYNE, Appellee.

No. 2 CA–CIV 809.

Court of Appeals of Arizona, Division 2.

June 29, 1970.

Messing & Hirsch by William Messing, Tucson, for appellant.

Richard E. Bailey, Tucson, for appellee.

HOWARD, Chief Judge.

Appellee-wife instituted an action for divorce in the trial court. Appellant-husband did not file an answer and the wife obtained a decree of divorce by reason of the defendant's default. The husband moved to vacate the default and the default judgment which motion was denied. The husband is here appealing from the judgment and from the order denying the motion.

On February 10, 1969, the wife filed a complaint for divorce by and through her attorneys, Hirsch, Van Slyke & Ollason. At the same time, the wife filed an order to show cause against the husband and the hearing was set for February 20, 1969 at 10 a. m. The order to show cause was for the payment by the husband of temporary attorneys' fees and costs together with support and maintenance for the wife and the minor children, pendente lite.

Upon the husband's failure to appear at the time set for the return of the order to show cause, the court commissioner ruled that the husband was to pay the wife temporary support and attorneys' fees and directed Mr. Bailey to prepare a formal order for the court's signature. At that time Mr. Bailey was representing the wife's attorneys of record and he did not become formally associated as counsel until some time in May of 1969. The formal order was prepared and entered on February 26, 1969.

On April 28, 1969, some two and a half months after the complaint was filed, Mr. Bailey executed an affidavit on default as the wife's attorney and filed this affidavit with the Clerk of the Superior Court. Thereafter, the Clerk executed an entry of default which was signed some time thereafter.

On May 6, 1969, the defendant still had not filed an answer to the wife's complaint. Mr. Bailey was then formally sub-stituted as attorney for the plaintiff and after a hearing wherein the testimony of the wife and her witness was taken, the court ordered that judgment be awarded in favor of the wife. The formal decree of divorce was filed May 14, 1969. A certified copy of the decree was mailed forthwith to the defendant. On September 15, 1969, four months after the formal decree of divorce had been filed, defendant filed a motion to vacate the default and default judgment.

On September 22, 1969, a hearing, at which no reporter was present, was held on the motion. Testimony on behalf of the wife was presented and the motion was denied. Defendant appeals.

The appellant claims that the default and the judgment based thereon was defective since it was not executed by the attorney of record for the wife. The appellant is incorrect for two reasons. He claims that an affidavit on default must be signed by an attorney of record and cites Rule 11(a), Rules of Civil Procedure, 16 A.R.S.:

"Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated."

Assuming arguendo that the affidavit of default is a "pleading" within the meaning of Rule 11(a), the failure to comply with the rule is a mere technical defect and the failure of the appellant to show any prejudice therefrom bars any relief. C. Wright & A. Miller, Federal Practice and Procedure § 1334.

Turning now to the second reason, we state the general law in Arizona that a party must timely present his legal theories to the trial court so as to give the trial court an opportunity to rule properly. Gustafson v. Riggs, 10 Ariz.App. 74, 456 P.2d 92 (1969); Weston v. State ex rel. Eyman, 8 Ariz.App. 58, 442 P.2d 881 (1968). The courts in Arizona have also held that a matter raised for the first time on appeal will not be considered. Quila v. Estate of Schafer, 7 Ariz.App. 301, 438 P.

2d 770 (1968); Kenyon v. Kenyon, 5 Ariz.App. 267, 425 P.2d 578 (1967).

In the instant case the husband did not, at any time, object to Mr. Bailey's authority to act on behalf of the wife. Neither in the letters addressed to the court nor on the motion to vacate did the husband or his attorney question the right of Mr. Bailey to appear on behalf of the wife.

Nowhere in the entire abstract of record or in the husband's motion to vacate is there any indication that the representation of the wife by Mr. Bailey was ever in issue.

■■ The defendant contends that the trial court abused its discretion in refusing to grant his motion. Under Rule 55(c), Rules of Civil Procedure, 16 A.R.S., an entry of default and default judgment may be set aside in accordance with Rule 60(c) of the Rules of Civil Procedure. Under Rule 60(c) the elements necessary to warrant setting aside a default are: (1) that the failure to answer within the time required by law was excusable neglect; and (2) that there was a meritorious defense. Camacho v. Gardner, 104 Ariz. 555, 559, 456 P.2d 925, 929 (1969). Either alone is insufficient. As was stated by the court in Damiano v. Damiano, 83 Ariz. 366, 369, 321 P.2d 1027, 1029 (1958):

> "Unless the undisputed evidence shows excusable neglect as a matter of law, the question of whether there has been a sufficient showing as a ground for setting aside a default judgment is a matter within the sound discretion of the trial court. [citations omitted]"[1]

Turning to the case sub judice, the affidavit filed by the defendant in support of his motion to vacate contains, in essence, the following claims: (1) By filing a conciliation petition, he thought that he had made an appearance and would be informed of the trial date; (2) he was not represented by an attorney; (3) the attorney for the plaintiff told him that if he opposed the divorce he could lose all of his property;

(4) he is physically handicapped, having lost the normal use of his fingers and hands and was intimidated by the plaintiff's counsel; (5) he has a meritorious defense in that he was not guilty of any behavior that would give the plaintiff any grounds for divorce but on the contrary, the plaintiff had become enamoured of a third person and engineered this divorce in order to get rid of him.

Attorney Richard E. Bailey also filed an affidavit stating, inter alia, that he had never had any contact with the defendant outside the court proceedings.

■ The record shows that the defendant voluntarily withdrew his Petition for Conciliation. In a letter to Judge Robert Roylston, the defendant stated "I do *not* deny guilt equal to or more than my wife." This letter was transmitted to the Conciliation Judge, William C. Frey. In a subsequent letter to Judge Roylston the defendant stated that Judge Frey told him that he needed legal advice. He further stated that he agreed with his wife not to hold up the divorce out of spite. At the hearing on the Motion to Set Aside Default and Default Judgment, plaintiff's original attorney testified. Defendant offered no testimony. There is no reporter's transcript of this testimony. There is a conflict between defendant's statements in his affidavit and the affidavit of Mr. Bailey. Defendant's affidavit is inconsistent with the statements in his letters. The trial court had the opportunity to hear oral testimony. Where the appellant questions the sufficiency of the evidence and no transcript of the evidence is submitted to the reviewing court, it will be assumed that the evidence sustained the order rendered. Chemi-Cote Perlite Corporation v. Harborlite Corporation, 4 Ariz.App. 268, 419 P.2d 398 (1966).

■ The fact that the defendant did not have an attorney is no substitute for the necessary statutory showing. Counterman v. Counterman, supra. As to the other matters raised in the affidavit we do not

---

1. Accord: Counterman v. Counterman, 6 Ariz.App. 454, 433 P.2d 307 (1967).

believe that the defendant has shown un-disputed evidence of excusable neglect as a matter of law. Indeed, the record does not reflect any reason why the defendant waited four months after receiving a copy of the judgment before his filing the motion to set aside.

The order of the trial court is affirmed.

KRUCKER, J., and JOHN A. Mc-GUIRE, Judge of the Superior Court, concur.

NOTE: Judge JAMES D. HATHA-WAY having requested that he be relieved from consideration of this matter, Judge JOHN A. McGUIRE was called to sit in his stead and participate in the determination of this decision.