Paula Bates BARRETT, Appellant,

v.

Elmer GAGNON and Esther Byrnes,
Appellees.

No. 1861.

Supreme Court of Alaska.

Dec. 17, 1973.

Edgar Paul Boyko and Barry Donnellan of Edgar Paul Boyko & Associates, Anchorage, for appellant.

Juliana D. Wilson of Wilson & Wilson, Anchorage, for appellees.

Before RABINOWITZ, C. J., and CONNOR, ERWIN and BOOCHEVER, JJ.

OPINION

RABINOWITZ, Chief Justice.

The central question in this appeal is whether the trial court abused its discretion by virtue of its refusal to grant appellant's motion for continuance of the trial. On the particular facts of this record we hold that the superior court's denial of a continuance was an abuse of discretion.

On August 31, 1970, appellant Barrett signed an agreement to purchase real property from appellee Elmer Gagnon; the agent in this transaction was appellee Esther Byrnes of Byrnes Realty. The purchase price of $30,000 was to be paid in monthly installments of $600. Barrett thereafter defaulted in her obligation to make payments for a period of three months. Subsequently, Gagnon commenced summary foreclosure proceedings against Barrett, and on June 19, 1972, he purchased the property at a Trustee's sale.

On June 28, 1972, Barrett, represented by legal counsel, filed a complaint against Gagnon and Byrnes, alleging fraud and breach of fiduciary relationships by both Gagnon and Byrnes. On the basis of these claims for relief Barrett sought to have the court set aside the foreclosure, declare the note and deed of trust she had given to Gagnon null and void, require an accounting from appellees, and award her both compensatory and punitive damages. Appellee Gagnon filed a counterclaim on July 5, requesting restitution of the real property and a daily monetary amount until possession of the premises was restored.

Following a continuance granted at the request of appellant because of the unavailability of counsel, trial was set for the week of August 21, 1972 and subsequently reset for September 5, 1972. On September 1, Barrett's attorney filed a motion to withdraw as counsel.[1] The motion was heard by the superior court on September 5, at which time Barrett consented in open court to the withdrawal of her counsel. The fol-

---

1. The grounds asserted for the motion were that counsel could not communicate with his client and that the client declined to confirm the terms of her attorney's retainer agreement.

lowing day Barrett requested the court to grant a continuance to enable her to secure new counsel, but the superior court denied the request and required Barrett to immediately proceed to trial without the benefit of counsel. Following the presentation of evidence, the superior court granted appellees' motion to dismiss the complaint and also granted Gagnon the relief requested in his counterclaim. This appeal followed.

Barrett advances four specifications of error on the part of the superior court: (1) that the court permitted her attorney to withdraw on less than 10 days notice, (2) that the superior court allowed a situation to develop in which she was coerced into consenting to the withdrawal of her counsel, (3) that the trial court improperly denied her request for a continuance of the trial and (4) that she was deprived of a fair trial by being compelled to go to trial without the assistance of counsel. Essentially these assertions of error focus on the superior court's allowance of the motion to withdraw, the trial court's subsequent denial of Barrett's motion for a continuance, and the court's insistence that the case proceed to trial on the day following the withdrawal from the case of Barrett's counsel.

With regard to requests for continuances, we said in Gregoire v. National Bank of Alaska[2] that the refusal of a trial court to grant a continuance "will not be disturbed on appeal unless an abuse of discretion is demonstrated." In the past this court has found an abuse of discretion when a party has been deprived of a substantial right or seriously prejudiced by the lower court's ruling.[3]

The general rule with regard to continuances following the withdrawal of counsel is that:

"The withdrawal, on the eve of trial, of the attorney for one of the parties to an action, leaving such party unprepared for trial, is not ipso facto a ground for continuance, particularly where the withdrawal is unexplained, where no diligence in inducing counsel to remain in the case or in securing new counsel is disclosed, and where it is not shown that the party is free from fault in the matter." Benson v. Benson, 66 Nev. 94, 204 P.2d 316, 318 (1949).

The rationale offered for this rule is that, while the right to be represented by counsel at trial is an important right,[4] if the withdrawal of counsel on the eve of trial were to be regarded as a compelling ground for granting a continuance, then all a party would have to do in order to delay matters would be to discharge his attorney.[5]

In determining whether the superior court in the case at bar abused its discretion in accepting the motion of Barrett's counsel to withdraw and then denying Barrett's request for a continuance, the particular facts and circumstances of the case become determinative.[6] From the facts previously alluded to, it is clear that only two months had elapsed between the filing of Barrett's complaint, Gagnon's counterclaim and the September 5, 1972 trial date setting.[7] Further, the record shows that Barrett had a limited time within which to respond to her attorney's withdrawal motion. Barrett received notice of this motion on the evening of September 1, which

---

2. 413 P.2d 27, 33 (Alaska 1966).

3. *See, e. g.,* State v. George, 511 P.2d 1293 (Alaska 1973); Doe v. State, 487 P.2d 47 (Alaska 1971); Klockenbrink v. State, 472 P.2d 958 (Alaska 1970).

4. *See* Thompson v. Atlantic Bldg. Corp., 107 A.2d 784 (D.C.App.1954).

5. *See, e. g.,* State v. Stafford, 258 La. 523, 246 So.2d 849, 851 (La.1971); Peterson v.

Crockett, 158 Wash. 631, 291 P. 721, 723 (1930).

6. Wright v. State, 501 P.2d 1360, 1366 (Alaska 1972); Mead v. State, 445 P.2d 229, 231 (Alaska 1968); Gregoire v. National Bank of Alaska, 413 P.2d 27, 33 (Alaska 1966).

7. Appellee Byrnes joined issue with Barrett's complaint on August 3, 1972. Gagnon first answered Barrett's complaint on August 11, 1972.

was a Friday. The following Monday was a legal holiday, and on Tuesday, September 5, the superior court heard the motion for withdrawal.

At the hearing, the superior court made it very clear that it would not grant Barrett a continuance in order to enable her to secure new counsel. Initially, Barrett was reluctant to consent to the withdrawal of her counsel. Due to a procedural defect in the motion to withdraw, the court informed Barrett that if she did not consent to the withdrawal of her counsel, then he would not be permitted to withdraw and would represent her the next day at trial.[8] Appellant's attorney stated in open court that unless she signed his fee argreement he would do no preparation for the trial if ordered by the court to represent her, and that in such a case he would be her attorney on record but not in spirit.[9] In this setting Barrett reluctantly consented to her counsel's motion stating, "I've decided to release Mr. Walton as my counsel." [10] The trial court accepted this consent and set trial for the next day.[11]

On the following morning the trial court indicated that it had been contacted by a local attorney who had requested a continuance in the case. The attorney did not believe that he could competently represent Barrett at trial without preparation time. This request was denied. Barrett then asked in open court for a continuance for "a few days" in order to secure replacement counsel to "review the case and to see if they would continue it . . . . " This request was also denied and the case then proceeded to trial without a jury. The trial lasted only one day with Barrett acting as her own counsel. Review of the transcript of the trial proceedings indicates that Barrett was seriously prejudiced by having to appear pro se.

In light of the particular facts of this case, we think that the trial court abused its discretion in denying appellant's request for a continuance after it had approved the motion to withdraw as counsel submitted by appellant's attorney. The reason for counsel's withdrawal was adequately explained, and the diligence of appellant in attempting to secure new counsel was manifest.

Finch v. Wallberg Dredging Co.[12] concerned a fact situation similar to that in

---

8. Civ.R. 81(d) requires that the motion for withdrawal be served 10 days before the time specified for the hearing.

9. At one point in the hearing Barrett's then counsel said, "[T]his case does require some preparation . . . which I will not now do without being in writing engaged even if the court should not honor my motion to withdraw."

Subsequently, Barrett's counsel advised her, on the record, that if she objected to the failure on his part to give her the requisite 10 days notice regarding his motion to withdraw, ". . . then I will be your attorney on the record, if not in spirit." Following this statement, Barrett asked the court if she could request another attorney. The trial judge advised, "The answer is no. I think it is not timely made."

The Code of Professional Responsibility, adopted by the American Bar Association in 1969, provides in Canons 6 and 7 that a lawyer should represent his client both competently and zealously. Given statements by an attorney like those quoted above, it is imperative that the court remind counsel of his professional responsibility and secure from him, in the presence of his client, assurances that he will perform his duty both to his client and to the legal system.

10. The reluctance of appellant's consent is demonstrated by the following interchange:
THE COURT: The question I have now is: Do you consent to Mr. Walton's withdrawal or do you not?
MRS. BARRETT: If he insists upon my signing the promissory note, I don't have any other choice.
THE COURT: You will consent to his withdrawal at that time?
MRS. BARRETT: I guess I'd just have to.

11. Civ.R. 81(d)(3) provides that the court may permit an attorney to withdraw "[W]here the party expressly consents in open court or writing to the withdrawal of his attorney." We note that the language in the rule is permissive rather than mandatory. Thus even after consent by the party the trial court must decide, according to the circumstances of the case, whether to permit counsel to withdraw.

12. 76 Idaho 246, 281 P.2d 136 (1955).

the case at bar. There counsel for appellant withdrew from the case on the eve of trial because of appellant's failure to follow counsel's advice. Appellant did manage to secure new counsel for trial, but when a motion for a continuance was denied by the trial court, counsel declined to take an active part in the trial because of his unfamiliarity with the case. In *Finch* the Idaho Supreme Court held:

> The trial court should not have permitted withdrawal of appellants' former counsel under the circumstances because . . . appellants, though diligent, were unable to secure new counsel to try the case . . . because of the short time allotted for trial preparation of a complicated case. 281 P.2d at 138.

The Supreme Court of Idaho concluded that the trial court had abused its discretion in allowing counsel to withdraw and then refusing to grant a continuance in order to provide new counsel time to prepare for trial.[13]

Appellees argue that there are two circumstances peculiar to the case at bar which warranted the trial court's acceptance of counsel's withdrawal and denial of the request for a continuance.

First, appellees call attention to the fact that since the counterclaim of appellee Gagnon alleged unlawful detainer by appellant of real property purchased by Gagnon at a Trustee's sale, the provisions of AS 09.45.120 are applicable in the case. AS 09.45.120 provides that in unlawful detainer actions:

> No continuance shall be granted for a longer period than two days unless the defendant applying for the continuance gives an undertaking to the adverse party, with sureties approved by the court conditioned to the payment of the rent

that may accrue if judgment is rendered against the defendant.

Appellees argue that the wording of this statute dictates against the court granting a continuance. However, the statute specifically permits the granting of a two day continuance. In addition, Barrett had already posted a $2000 bond at the time the first continuance was granted. If the trial court thought that a further security was warranted, it could have required the posting of such an undertaking before granting a continuance. We find nothing in AS 09.45.120, however, which would have precluded the trial court from granting Barrett's request for a continuance.

The second circumstance relied upon by appellees is that the trial court informed Barrett on a number of occasions that no continuance of the trial would be granted should she consent to the motion to withdraw filed by her attorney. She was told that if she did not consent, her attorney would be obligated to represent her the following day at trial. From this appellees argue that Barrett consented to the withdrawal of her counsel with full knowledge that trial would take place the following day.

In response to this argument we again note that Barrett's consent to her counsel's withdrawal motion came reluctantly and only after being informed by her counsel that if the court ordered him to appear the following day, he would not prepare for the trial and would be her attorney on record but not in spirit.[14] There are cases in which appellate courts have upheld the discretion of a trial court in denying a requested continuance following such a trial court warning as was given in the case at bar. But in those cases the appellate court was able to point either to the absence of

13. *See also* Organized Village of Kake v. Egan, 354 P.2d 1108 (Alaska 1960); Illinois Bankers Life Ass'n v. Theodore, 47 Ariz. 314, 55 P.2d 806 (1936); Tsavaris v. Tsavaris, 244 So.2d 450 (Fla.App.1971).

14. Given our disposition of the case at bar, it is not necessary for us to decide whether Barrett was in fact "coerced" into consenting to the withdrawal of her counsel. We do note, however, that the circumstances surrounding the consent are significantly different from those in Gravel v. Alaskan Village, Inc., 423 P.2d 273 (Alaska 1967), where we found no basis for a claim of duress and coercion.

any showing of diligence by appellant in attempting to secure new counsel,[15] or to a long history of delays and continuances by appellant evident in the record.[16]  Neither element is present in the case at bar. There is a specific showing of diligence on the part of Barrett in attempting to secure new counsel, and the record is devoid of any pattern of delay by Barrett.  Thus we are compelled by the record in the case at bar to conclude that the superior court abused its discretion in granting the motion of Barrett's counsel to withdraw and then refusing Barrett's request for a continuance of the trial which commenced and ended on the next day.  Accordingly, the judgment of the superior court dismissing appellant's complaint and granting appellee Gagnon's counterclaim is reversed and set aside.  Barrett's complaint and appellee Gagnon's counterclaim are ordered reinstated, and the matter remanded for trial.

Reversed.

FITZGERALD, J., not participating.

15.  Slaughter v. Zimman, 105 Cal.App.2d 623, 234 P.2d 94 (1951).

16.  Evans v. Scottsdale Plumbing Co., 10 Ariz. App. 184, 457 P.2d 724 (1969).