560 P.2d 1253

**S. C. WING, dba Wing's Cut Rate Market, Appellant,**

v.

**Mike A. JIMENEZ and Carmen Jimenez, husband and wife, Appellees.**

No. 2 CA–CIV 2158.

Court of Appeals of Arizona, Division 2.

Dec. 27, 1976.

Rehearing Denied Jan. 31, 1977.

Review Denied Feb. 23, 1977.

Stockton & Hing, by Robert Ong Hing, Phoenix, for appellant.

Brown, Clemans & Brown, by Robert C. Brown, Casa Grande, for appellees.

## OPINION

HOWARD, Chief Judge.

Appellant sued appellees for a debt incurred in the purchase of various items of merchandise. The issue below was whether the action was on an open account, or on an account stated. If the latter, appellant's claim would be barred by the statute of limitations.

The trial was held before the court, sitting without a jury. No court reporter was present. The court found that there was an account stated on March 13, 1971 in the amount of $2,821.66 which was barred by the statute of limitations. It also found that merchandise in the sum of $13.31 had been subsequently charged on an open account and awarded appellant judgment for that amount.

Appellant claims the court erred in finding the account to be an account stated rather than an open account. He points to certain documentary evidence to sustain his position. Unfortunately this is not enough. Where the appellant questions the sufficiency of the evidence and no transcript of the evidence is submitted to the reviewing court, it will be assumed that the evidence sustained the judgment. *Chemi-Cote Perlite Corp. v. Harborlite Corporation,* 4 Ariz.App. 268, 419 P.2d 398 (1966); *Payne v. Payne,* 12 Ariz.App. 434, 471 P.2d 319 (1970). Appellant seeks to circumvent this rule by contending that he is not relying upon any facts but only on the exhibits, A.R.S. § 12–543, and the findings of the court, which he claims are inconsistent and show him to be entitled to judgment as a matter of law. A.R.S. § 12–543, in part, states:

"There shall be commenced and prosecuted within three years after the cause of action accrues, and not afterward, the following actions:

\*  \*  \*  \*  \*  \*

2. Upon stated or open accounts other than such mutual and current accounts as concern the trade of merchandise between merchant and merchant, their factors or agents, *but no item of a stated or open account shall be barred so long as any item thereof has been incurred within three years immediately prior to the bringing of an action thereon."* (Emphasis added)

Appellant argues that since the last item on the open account in the sum of $13.31 was incurred on June 26, 1974, well within the three-year period, and since the trial court found this amount to be due and owing, under the foregoing statute he was not barred by limitations.

We do not agree with appellant's interpretation of the statute. Under A.R.S. § 12–543 the statute of limitations is no defense in an action on an open account if any of the items was incurred within the three-year period. If such has occurred the plaintiff can recover for all the items in an open account including those incurred more than three years prior to the filing of the complaint. The same is true as to an account stated. The statute does not mean, as appellant contends, that if an item in an open account is incurred within the three-year period, the plaintiff is not barred by limitations from suing on an account stated more than three years prior to the filing of the complaint. The incurrence of an item in an open account within the limitations period does not revitalize the prior account stated. We believe this to be the clear intention of the Legislature in enacting A.R.S. § 12–543.

Affirmed.

HATHAWAY, and EUBANK, JJ., concur.