NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 24 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHAEL REID, on behalf of himself and all others similarly situated

Plaintiffs-Appellees,

v.

I.C. SYSTEM INCORPORATED,

Defendant-Appellant.

No.  18-16618

D.C. No. 2:12-cv-02661-ROS

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Submitted October 15, 2019**
Pasadena, California

Before:  WARDLAW and COLLINS, Circuit Judges, and SETTLE,*** District Judge.

I.C. System appeals from an order granting final approval of the agreement

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Benjamin H. Settle, United States District Judge for the Western District of Washington, sitting by designation.

settling the Reid class members' claims that I.C. System violated the Telephone Consumer Protection Act of 1990. *See* 47 U.S.C. § 227(b)(1)(A)(iii). We have jurisdiction under 28 U.S.C. § 1291. Although we generally review a district court's decision to grant final approval of a class action settlement for abuse of discretion, *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011), we review a district court's interpretation of a settlement agreement de novo, *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989).

 1. At the heart of this dispute lies the question whether the district court lacked the authority to grant final approval of the settlement agreement after I.C. System purported to terminate it. The district court had that authority under Federal Rule of Civil Procedure 23 if it determined that the settlement agreement had not in fact been terminated according to its terms. *See In re Syncor ERISA Litig.*, 516 F.3d 1095, 1100 (9th Cir. 2008); *Collins v. Thompson*, 679 F.2d 168, 172 (9th Cir. 1982). Moreover, Section 20.05 of the then-binding settlement agreement requires the court to resolve any disputes between the parties. Thus, the district court had authority under both the federal rules and the plain terms of the settlement agreement to construe the agreement in accordance with Arizona law and, if it concluded that the agreement had not been validly terminated, to approve the settlement in the manner it did.

2

2. I.C. System contends that Section 17.02 of the settlement agreement gave I.C. System "broad discretion to determine what constitutes a Section 17.02 opt-out," and that the district court therefore materially modified the settlement agreement by ordering the parties to submit briefing as to the meaning of Section 17.02 of the agreement and by requiring I.C. System to provide evidence to support its determination that more than 100 class members had opted out. The district court did not err. The settlement agreement required the district court to apply Arizona principles of contract interpretation. Under Arizona law, the district court was required to interpret a contract according to the parties' intent. *See Taylor v. State Farm Mut. Auto. Ins. Co.*, 175 Ariz. 148, 152 (1993). By its terms, Section 17.02 grants I.C. System discretion to terminate the settlement agreement only "if" 100 class members have, in fact, indicated an intent to opt out of the settlement; it did not grant I.C. System discretion to decide what constitutes an opt-out. *See Grubb & Ellis Mgmt. Serv., Inc. v. 407417 B.C., L.L.C.*, 138 P.3d 1210, 1213 (Ariz. Ct. App. 2006) (where contractual terms "are clear and unambiguous, a court must give effect to the contract as written"). The district court therefore properly imposed on I.C. System the burden to show that 100 class members had indicated an intent to opt out. *Cf. Clark v. Compania Gandera de Cananea, S.A.*, 387 P.2d 235, 238 (Ariz. 1963) (party seeking to avoid contingent obligation had the burden "to prove affirmatively the existence of conditions which would excuse

their nonperformance").  Under both Federal Rule of Civil Procedure 23 and Section 20.05 of the settlement agreement, the district court was authorized to interpret the settlement agreement to determine whether 100 class members indicated an intent to opt out.  Thus, far from modifying the settlement agreement, the district court's order requesting briefing was a valid exercise of its authority to interpret the settlement agreement.

3.  I.C. System argues that 100 class members have indicated an intent to opt out.  Both parties agree that five class members opted out of the settlement agreement via the procedures outlined in Section 12.01.  I.C. System points to three additional groups of potential opt-outs that it claims, in aggregate, constitute well over 100 opt-outs in this case.  But I.C. System's math simply does not add up.  Even though "the communication" from a class member did not necessarily have to be "in compliance with Section 12.01," the communication still had to indicate an intent to "opt-out," meaning that the relevant class members formed and expressed an intention to remove themselves from the settlement.  The district court properly held that I.C. System failed to show that more than 100 persons had communicated such an intent.  First, I.C. System points to a category of 349 individual class members that it claims have opted out by either filing a lawsuit against I.C. System or sending a prelitigation demand letter to I.C. System.  But as the district court noted, the mere fact that a person had participated in another suit

4

or made a demand for payment, without more, does not satisfy I.C. System's burden to show that the person indicated an intent to opt-out of this settlement. I.C. System's failure of proof was particularly stark as to those class members who made a demand, or participated in a suit, *before* the class notice was first published: as the district court held, I.C. System had failed to show how such persons "could have intended to opt-out of something of which they were most likely unaware." And to the extent that such an intent to opt out arguably might be inferred with respect to those class members who filed a lawsuit or made a pre-litigation demand *after* notice of the settlement was published, the district court correctly found that only 15 such persons did so. Furthermore, I.C. System contends that Reid class members' participation in two additional class actions in the Eastern District of New York indicates their intent to opt out of settlement. However, the district court also correctly found that those two lawsuits have no relationship to this one.

Costs shall be awarded to the Plaintiffs-Appellees.

**AFFIRMED.**