James F. SORRELS, Petitioner,

v.

The Honorable James B. BARNETT, Special District Judge for the Seventh Judicial District of Oklahoma, Respondent.

No. P–75–93.

Court of Criminal Appeals of Oklahoma.

April 14, 1975.

Gene Stipe, Stipe, Gossett, Stipe & Harper, Oklahoma City, for petitioner.

Clinton D. Dennis, Asst. Dist. Atty., Oklahoma County, for respondent.

## OPINION AND DECISION

BRETT, Presiding Judge:

This is an original proceeding for issuance of the Writ of Prohibition wherein petitioner is seeking issuance of the writ to prohibit the Oklahoma County District Court from proceeding in that court's case number CRF–75–425, for which preliminary examination was set to be had on March 6, 1975. Petitioner's counsel, Senator Gene Stipe, filed his application for legislative continuance with the Oklahoma County District Court on March 3, 1975. That application was denied by the respondent herein. This Court conducted a hearing on the application and petition, assumed jurisdiction, and on March 5, 1975, entered an order granting the Writ of Prohibition. This opinion follows that order.

Title 12 O.S.1971, § 667, provides in pertinent part, as follows:

"The court may, for good cause shown, continue an action at any stage of the proceedings upon terms as may be just; provided, that if a party or his attorney of record is serving as a member of the Legislature or the Senate, sitting as a court of impeachment, or within thirty (30) days after an adjournment of a session of the Legislature, such fact shall constitute cause for continuance of the case, and it is mandatory that the court shall grant such continuance upon motion whether such attorney may have been employed before or during the session of the Legislature, and the court shall have no power to exercise its discretion as to the granting of such continuance, and all motions, demurrers and

preliminary matters to be heard by the court, the refusal to grant which shall constitute error, and entitle such party to a new trial as a matter of right. . . ."

In Booze v. District Court of Lincoln County, Okl.Cr., 365 P.2d 589 (1961), we held that provision of the statute making mandatory the granting of a legislative continuance to be unconstitutional for the reason that it violated the doctrine of separation of powers and deprived the courts of their discretionary powers to grant or deny a continuance. In regard to the exercise of that discretion we stated:

"When it appears that an attorney who is employed in good faith either before or after the commencement of the legislative term has applied for a continuance by reason of the legislature being in session and such employment and notice thereof is communicated to the trial court without unreasonable delay the courts of our state should not arbitrarily or capriciously deny the motion for continuance, but should grant it." 365 P.2d at 592.

Because of the uncertainty that exists concerning the application of Section 667, on February 24, 1975, this Court and the Oklahoma Supreme Court issued Uniform Guidelines for Handling a Request by Legislator Lawyer for Continuance Under 12 O.S.1971, § 667. Those guidelines which were arrived at by conference among certain District Court Judges, members of the Oklahoma Legislature, the Chief Justice of the Supreme Court and the Presiding Judge of the Court of Criminal Appeals, provide:

"In all civil and criminal cases, the trial court shall grant the legislator-lawyer a continuance under the following conditions:

"1. If the case is set for hearing or trial during the session of the legislature; and

"2. A written motion for continuance was filed in the case a reasonable time before its court setting and a copy of that motion was served upon opposing counsel, with notice having been given to the assigned judge; and

"3. The litigant, in whose behalf the continuance is sought, is a bona fide client of the legislator-lawyer; and

"4. The motion for continuance is made in good faith; and

"5. In criminal cases, if the incarcerated defendant has given his written consent to the continuance sought; and

"6. The legislator-lawyer was retained as counsel to try the matter on its merits and not primarily for the purpose of obtaining a continuance as a legislator.

"When a litigant already having counsel of record, thereafter retains a legislator-lawyer as co-counsel or as additional counsel in the case, who seeks a legislative continuance, the trial court may rule such motion outside the scope of these guidelines.

"These guidelines all become effective on and from this date.

"Done in conference by the Supreme Court and the Court of Criminal Appeals on the 24th day of February, 1975."

The above guidelines were adopted some two weeks prior to the time this matter arose. In considering the instant motion for a continuance, we do not find that the trial judge, applying prior Oklahoma law, abused his discretion in denying the continuance. However, applying the recently adopted standards to the instant facts we are of the opinion that petitioner is entitled to be granted a continuance.

 After consideration of this matter following oral argument had March 5, 1975, we granted the Writ of Prohibition sought by petitioner. Counsel had discussed the matter of continuance with the District Attorney's Office some two weeks prior to filing his application, and he also discussed the matter with Judge Dudley, whom he understood was going to be assigned the case. But for some reason not made entirely clear to the Court, counsel did not actually file his application for leg-

islative continuance until three days prior to the date set for preliminary hearing. Under ordinary circumstances, we believe three days would not constitute sufficient notice to warrant granting the requested continuance.

■ In the future a legislator-lawyer must file his application for a continuance when he first determines that such a request is necessary. We are of the opinion that a requirement of the trial court that the application be on file at least 10 days prior to the time of trial would not be unreasonable, barring extraordinary circumstances. The application must affirmatively show that each condition set forth in the uniform guidelines is met. The application must be filed with the Clerk of the Court and a copy served upon the District Attorney concerned. The judge to whom it is expected the matter will be assigned should be advised that such an application has been filed.

It is not anticipated that in the future resort to extraordinary original proceedings will be necessary to resolve such matters as appear herein.

Writ granted.

BUSSEY and BLISS, JJ., concur.