David McCARLEY, Petitioner,

v.

The Honorable Lavern FISHEL, District
Judge, Atoka County, Oklahoma,
Respondent.

No. P–77–331.

Court of Criminal Appeals of Oklahoma.

Aug. 11, 1977.

## OPINION

PER CURIAM:

Petitioner, David McCarley, filed in this Court an original proceeding for issuance of a Writ of Prohibition wherein he sought issuance of the Writ to prohibit the District Court, Atoka County, from proceeding further in Case No. CRF–76–62, for which trial was set to be had on May 24, 1977. Petitioner's counsel, State Senator Gene Stipe, filed an application for a legislative continuance with the District Court on May 9, 1977. The application was denied by the respondent, the Honorable Lavern Fishel, Judge of the District Court, Atoka County. This Court assumed jurisdiction and conducted a hearing on the application and Petition pursuant to a Rule to Show Cause issued on May 11, 1977, and on May 20, 1977, issued an order granting a Writ of Prohibition and Staying Proceedings. This opinion follows that Order.

Statutory authority for a Legislative Continuance is found at 12 O.S.1971, § 667. As originally written the section provided that if a party to an action, or a parties' attorney of record, is serving as a member of the Legislature or the Senate, then that fact would constitute good cause for continuance. The original section also made it mandatory on the trial court to grant a continuance, but we declared that provision unconstitutional in *Booze v. District Court of Lincoln County,* Okl.Cr., 365 P.2d 589 (1961). Subsequently, in *Sorrels v. Barnett,* Okl.Cr., 534 P.2d 692 (1975), we set out the guidelines for Legislative Continuances adopted by both the Oklahoma Supreme Court and this Court. Among other things, the guidelines included the condition that the legislator-attorney be retained as counsel to try the matter on its merits.

■ Neither the statute nor the guidelines seem to have effectively contemplated the various arrangements possible within law firms. The question now before us is whether the motion for continuance should be granted when a legislator-attorney is a member of a firm and has been employed for the trial, although preliminary matters are handled by other members of the firm. We hold that the motion for continuance should be granted in such cases when all the guidelines set out in *Sorrels v. State,* supra, have been followed.

The misunderstanding and confusion in this case point out the fact that the statute and rules are somewhat inadequate to handle the myriad situations arising out of the modern law firm, such as where a firm may be engaged with a particular attorney to handle a particular portion of the proceeding. In the instant case various members of the law firm appeared in the different preliminary proceedings, but it was apparently the intention of the parties from the outset that Senator Stipe should represent the Petitioner at the trial on the merits.

■ It also appears that all of the conditions for a Legislative Continuance of trial were met in this case. On the other hand it is evident that a Legislator cannot seek a continuance for the entire firm of which he is a member. While the Petitioner did not attempt to do this, the respondent in this matter had no indication until the motion for continuance was filed that the legislator-attorney in this case was to be the attorney of record at the trial, and since other members of the firm had made prior appearances on behalf of the Petitioner, the respondent was perhaps justified in his assumption that the firm, and not merely one member thereof, had been engaged for the defense of the Petitioner. The Petitioner, on the other hand, was justified in his reliance on compliance with the rules set out in *Sorrels v. State,* supra.

■ On May 20, 1977, after consideration of this matter following oral argument had on May 17, 1977, and after reviewing the petition, responses and affidavits, we granted the writ of Prohibition sought by the Petitioner. In this case the legislator-attorney had been retained for trial shortly after the Petitioner's arrest, but complied with the *Sorrels* guidelines only after appearances had been made by other members of the firm. In the future the legislator-attorney should at the earliest time practicable notify in writing the Judge and Court Clerk that he or she is the attorney of record, and has been retained for specific purposes. The guidelines heretofore adopted should suffice when such notice is given.

WRIT GRANTED.