Joe Riley SHOCKLEY, Jr., Petitioner,

v.

The Honorable Gordon R. MELSON, District Judge For the Twenty-Second Judicial District of Oklahoma, Respondent.

No. P–82–32.

Court of Criminal Appeals of Oklahoma.

Jan. 28, 1982.

William N. Peterson, Dist. Atty., Gregg M. Smith and Clay B. Pettis, Asst. Dist. Attys., Holdenville, Jan Eric Cartwright, Atty. Gen., Oklahoma City, for respondent.

Stipe, Gossett, Stipe, Harper & Estes, McAlester, for petitioner.

## ORDER GRANTING WRIT OF PROHIBITION

NOW on this 26th day of January, 1982, this Court having heard the oral arguments of the respective parties in the above styled and numbered cause, finds that Senator Gene Stipe has at all times prior to the current legislative session personally represented the petitioner in the District Court of Hughes County, Case No. J–80–15, and that in September, 1981, a jury trial was held in an adjudicatory proceeding in which a mistrial was ordered when the jury could not arrive at a verdict. The court further finds that on the 21st day of December, 1981, Judge Gordon R. Melson informed the respective parties that he was considering setting another jury trial to begin on December 28th, 1981, to which the State objected. Jury trial has been tentatively scheduled in the District Court of Hughes County, Case No. J–80–15, for February 1, 1982, and accordingly, petitioner, by and through his attorney, Senator Gene Stipe, has filed a motion for legislative continuance, in all respects complying with the guidelines set forth by this Court in *Sorrels v. Barnett*, 534 P.2d 692 (Okl.Cr.1975). The district court denied said motion and the petitioner has filed this application for writ of prohibition in accordance with 12 O.S. 1971, § 667.

The respondent contends that since the provisions of 12 O.S.1971, § 667, refer only to civil or criminal cases, a motion for continuance of a jury trial in a juvenile proceeding does not fall within the parameter of the statute. We disagree. A jury trial in an adjudicatory stage of a juvenile proceeding falls squarely within the ambit of 12 O.S.1971, § 667.

IT IS THEREFORE THE ORDER OF THIS COURT that the District Court of Hughes County is prohibited from conducting a jury trial in Case No. J–80–15 until thirty (30) days after the adjournment of the current legislative session, in accordance with 12 O.S.1971, § 667.

IT IS SO ORDERED.

WITNESS OUR HANDS AND THE SEAL OF THIS COURT this 26th day of January, 1982.

> BRETT, P. J.
> BUSSEY, J.
> CORNISH, J.