Jerry J. BONNER and Merline Bonner, Appellants,

v.

STATE of Oklahoma, ex rel. DEPARTMENT OF TRANSPORTATION of the State of Oklahoma, Appellee.

No. 61939.

Supreme Court of Oklahoma.

July 2, 1985.

Rehearing Denied Oct. 29, 1985.

As Corrected Jan. 6, 1986.

Gene Stipe, Stipe, Gossett, Stipe, Harper, Estes, McCune and Parks, McAlester, for appellants.

E.H. Purcer, Oklahoma City, for appellee.

DOOLIN, Vice Chief Justice.

This contested condemnation action was commenced by the Appellee on February 5, 1980, to obtain title to 3.94 acres of land belonging to Appellants for use as a highway right-of-way. Appellants employed

Gene Stipe (hereinafter "Stipe"), an attorney and Oklahoma State Senator, to represent them in this litigation.

Stipe duly entered an appearance of record on behalf of Appellants, then undertook personally and by other members of his law firm, to move the matter to trial while at the same time pursuing a negotiated settlement. The case was first set for trial in May, 1983, whereupon Stipe filed his motion for legislative continuance, wherein he prayed the trial date be continued to a time more than thirty days after the adjournment of the current session of the State Legislature.

The motion was granted and the case was eventually given a trial date of January 19, 1984, to begin at 9:00 A.M. The dockets setting this cause for jury trial were distributed to the parties at least three weeks prior to the date of trial. At 8:17 A.M. on January 19, one of Stipe's associates filed a motion for legislative continuance then appeared before the court for the stated, limited purpose of arguing that motion.

After hearing the arguments of counsel, the trial judge overruled the motion for legislative continuance, finding the written motion was not filed within a reasonable time. Thereupon, Stipe's associate was excused at his own request and the matter was tried to a jury with neither Appellants nor their counsel present. At the conclusion of the trial, the jury returned a verdict setting Appellants' damages from the forced condemnation in the sum of $4,000, and the court entered judgment on the verdict.

Appellants now argue the trial court erred in overruling the motion for legislative continuance.

The parties to this appeal recognize the matter of legislative continuance is governed both by statute[1] and by court rule.[2] These provisions are identical and contain the requirements set down by the Court of

Criminal Appeals in *Sorrels v. Barnett,*[3] which are:

1. If the case is set for hearing or trial during the session of the legislature; and

2. *A written motion for continuance was filed in the case a reasonable time before its court setting* and a copy of that motion was served upon opposing counsel, with notice having been given to the assigned judge; and

3. The litigant, in whose behalf the continuance is sought, is a bona fide client of the legislator-lawyer; and

4. The motion for continuance is made in good faith; and

\*      \*      \*      \*      \*      \*

6. The legislator-Lawyer was retained as counsel to try the matter on its merits and not primarily for the purpose of obtaining a continuance as a legislator.

The trial court's specific finding at the time of the hearing on Stipe's motion was that the legislator-lawyer had failed to comply with guideline number Two; his motion had not been filed a reasonable time prior to trial. The record reveals that, in fact, the motion was filed only forty-three minutes prior to trial, and after the prospective jurors had arrived at the courthouse in answer to their jury summons.

■ Both parties recognize the matter of the reasonableness of the time of filing the motion is determinative of this appeal and indeed, there is no serious disagreement that all the other guidelines were complied with. Stipe argues, correctly, that whether or not a motion for continuance is filed in a reasonable time is a matter to be determined by all the facts and circumstances of a particular case. As was said in *Sorrels, supra:*[4]

(A) legislator-lawyer must file his application for a continuance when he first determines that such a request is necessary. We are of the opinion that a re-

---

1. 12 O.S.1981 § 667, Administrative Guideline 75–1

2. 12 O.S.1981, Ch. 2, App., Rule 24.

3. 534 P.2d 692 (Okl.Cr.1975) [emphasis added].

4. 534 P.2d 692, at 695.

quirement of the trial court that the application be on file at least 10 days prior to the time of trial would not be unreasonable, barring the extraordinary circumstances.

The "extraordinary circumstance" cited by Stipe here is that settlement negotiations with Appellee broke down on the evening prior to trial, and this breakdown was an "accident or surprise which ordinary prudence could not have guarded against." We find this argument to be without merit.

We must note that the collapse of settlement negotiations is neither rare nor unforeseeable in the normal course of civil litigation, and under the circumstances of this case, is a contingency which could have easily been provided for. Inasmuch as Stipe had more than three weeks' notice of the trial date, and knew it fell on a day when the Legislature was in session, it would have been a simple matter for him to guard against just such an eventuality as the failure of negotiations by filing his motion more than ten days prior to trial. If there was some reason this action could not or should not have been taken, it was up to Stipe to show the trial court what that reason was.

We hold therefore, that when a motion for legislative continuance is filed on the day of trial, the legislator-lawyer has the burden of proving the extraordinary circumstances necessary to show such filing is reasonable according to the requirement of the statute and court rule cited hereinabove. The assertion that an eleventh-hour [5] failure of settlement negotiations is an unforeseeable circumstance which could not be guarded against is insufficient to meet this burden.

The judgment of the trial court is therefore AFFIRMED.

SIMMS, C.J., DOOLIN, V.C.J., and LAVENDER, HARGRAVE and OPALA, JJ., concur.

WILSON, J., concurs in part, dissents in part.

HODGES, KAUGER and SUMMERS, JJ., dissent.

HODGES, Justice, dissenting.

I concur with the views expressed by the majority with regard to its analysis of the trial judge's discretion in overruling appellants' motion for a legislative continuance. However, because my opinion of the propriety of the trial judge's allowance of appellants' attorney to withdraw voluntarily is at variance with that of the majority, I dissent.

The Oklahoma Code of Professional Responsibility DR 2–111(A)(2), 5 O.S.1981 Ch. 1, App. 3, provides:

"In any event, a lawyer shall not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudice to the rights of his client, including giving due notice to his client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled, and complying with applicable laws and rules."

This rule requires an attorney to give notice to his client before withdrawal so that the client has time to retain other counsel. In the instant case, the associate of appellants' attorney presented the latter's request for voluntary withdrawal from the case immediately after the trial judge overruled his motion for a legislative continuance. The record does not reflect that appellants had prior notice of their attorney's intent to withdraw.

I would, therefore, hold it was an improvident exercise of discretion by the trial judge to require the case to proceed with rendition of judgment after appellants' counsel had been given permission to withdraw on the day of trial. In my opinion the trial judge erred in rendering a judgment under these circumstances. Appellants were left unknowingly without counsel and without an opportunity to be heard or to

---

**5.** In the instant case, the failure was literally at the eleventh hour, because the trial court was

informed of it at 11:00 P.M. on the night before trial.

retain other counsel in this condemnation suit.

A landowner whose property is taken by condemnation has a constitutional right of due process of law. Okla. Const. art. 2, §§ 7 and 24; *Phillips Petroleum Co. v. Corporation Com'n*, 312 P.2d 916, 921 (Okla.1957). The fundamental elements of due process include notice of the proceeding and an opportunity to be heard. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313, 70 S.Ct. 652, 656, 94 L.Ed. 865 (1950). It is essential that the opportunity to be heard be such that the landowner is afforded the opportunity to be heard by counsel. It is the role of the trial court to protect the constitutional rights of a litigant so as to assure that he is not deprived of his day in court.

The trial court's allowance of the appellants' attorney's request to withdraw and the court's insistence that the case proceed without appellants' counsel, deprived appellants of a fair trial. The trial court abused its discretion in granting the request of appellants' attorney to withdraw and proceeding with trial immediately thereafter. In my opinion, the trial court should have denied the request to withdraw because appellants had no notice of the attorney's intent nor were aware of the need to secure new counsel.

A somewhat similar factual situation is presented in *Imhoff v. Hammer*, 305 A.2d 325 (Del.Super.Ct.1973). There, the plaintiff's attorney gave an ultimatum to the plaintiff to either accept an offer of settlement or he would withdraw from the case. On the day of trial, the trial court granted an application for leave to withdraw presented by an associate of the attorney. The trial court then denied the plaintiff's application for continuance and dismissed the case for chronic lack of prosecution. The appellate court reversed, holding that counsel should have been required to proceed relying on Delaware's corresponding disciplinary rule under its Code of Professional Responsibility.

Also, in *McCoy v. Woodcraft Homes, Inc.*, 42 A.D.2d 846, 346 N.Y.S.2d 711 (1973), the New York court held that the trial court improvidently exercised its discretion in requiring the defendant to proceed without counsel on the first day of trial after her attorney had withdrawn and in denying her application for a 30-day adjournment to obtain new counsel.

Other cases as well have held the trial court had abused its discretion in allowing counsel to withdraw and then refusing to grant a continuance in order to provide new counsel time to prepare for trial. *See, e.g., Barrett v. Gagnon*, 516 P.2d 1202 (Alaska 1973); *Finch v. Wallberg Dredging Co.*, 76 Idaho 246, 281 P.2d 136 (1955). Though there are cases holding to the contrary, those courts focusing on either the lack of diligence by the litigant in retaining new counsel, *Slaughter v. Zimman*, 105 Cal. App.2d 623, 234 P.2d 94 (1951), *Sandlin v. Pharoah*, 182 Okl. 442, 78 P.2d 284 (1938), or a pattern of continuances and delays by the litigant. *Evans v. Scottsdale Plumbing Co.*, 10 Ariz.App. 184, 457 P.2d 724 (1969).

Neither of these factual situations are present in this case. As previously noted, the record does not show that appellants had knowledge of their attorney's request to withdraw. Consequently, appellants were not aware of the need to secure new counsel. Further, the record does not reflect a long history of delays and continuances as only one other request for a legislative continuance had been granted.

I would REVERSE the trial court's judgment and REMAND the case to the trial court for further proceedings.

I am authorized to state that Justices ALMA WILSON, KAUGER and SUMMERS concur in the views expressed herein.