OPINION
STOWERS, Justice.
I. INTRODUCTION
Felicia Wagner filed for divorce from her husband Richard Wagner. Both parties appeared pro se. The superior court held four pretrial hearings on the matter, three of which Richard did not attend. Richard called the court's judicial assistant to request a continuance prior to two of his three absences. Richard's requests were not granted, and it appears that Richard was never informed of the proper manner by which to make a request.
Richard called the court's judicial assistant the day before trial to again request a continuance, this time citing his work situation as the cause of his absence. Richard did not appear at trial. The superior court did not acknowledge Richard's employment excuse and instead relied on his prior absences to conclude that his failure to appear was voluntary. It thereupon denied Richard's request, *172 proceeded to trial, and entered findings of fact and conclusions of law regarding the parties' property and debt based on Felicia's testimony alone.
It was error for the superior court to deny Richard's request for a continuance without informing him of the proper manner by which to make a request. It was also error for the superior court to deny Richard's continuance request and to proceed to trial without first considering whether his work situation provided good cause for his absence. We therefore remand for the superior court to determine whether Richard's absence was truly voluntary or whether it was supported by good cause.
IIL FACTS AND PROCEEDINGS
Felicia and Richard Wagner married in 1993. The couple separated in 2009 and Felicia filed for divorce the following year. Felicia checked the box in the form complaint for divorcee that stated, "We have already divided all marital property and debt so there is none to be divided by this court." Richard disagreed in his answer and counterclaim, stating that property and debts still needed to be divided. Both parties appeared pro se.
The superior court held a trial date-setting conference in June 2010. Felicia appeared, but Richard did not. Richard had called the court's judicial assistant earlier in the day to request a continuance. The court proceeded with the hearing in Richard's absence and set trial for early November. There is no indication in the record that the court fully informed Richard that telephonic requests to the judicial assistant were improper and that he was required to file a motion if he wanted to request a continuance.
The superior court held a pretrial scheduling conference in November 2010. Felicia appeared, but Richard did not. Richard again had called the court's judicial assistant earlier that day, indicating, according to the court, that he did not know about the hearing, that he would not be able to attend, and that he needed a continuance. Felicia informed the court that Richard had also asked her to continue the hearing. The superior court proceeded with the conference and noted "for the record" that "[the fact that [Richard] calls and leaves a message with [the] judicial assistants is not an order from the Court that excus[es] him from the pretrial conference." There is no indication in the record that the substance of the court's comment was conveyed to Richard. Trial was rescheduled for early March 2011.
In February 2011 Felicia filed a financial declaration identifying student loans as "property subject to disposition by the court." Another pretrial conference was held in March at which Felicia appeared but Richard did not. Felicia stated that the parties disputed the distribution of two vehicles and "a few debts." Trial was again rescheduled for May.
Both parties appeared at the next pretrial conference in May 2011. Richard and Felicia agreed that their dispute was limited to the distribution of two vehicles and Felicia's student loan debt.[1] There is no indication in the record that the court advised Richard that telephonic requests for continuances were improper or that motions for continuances were the proper way to request such relief.
The one-day trial was held on June 2, 2011. Felicia appeared, but Richard did not. The superior court stated on the record that Richard had again called the judicial assistant, this time indicating that he was unavailable because "(hle was called out to fight a fire and he's going to be gone for two weeks and doesn't have cell phone contact." Felicia confirmed that Richard had given her the same excuse for his absence and asked her to request a continuance on his behalf.
The superior court concluded that it had no choice but to find that Richard's absence was voluntary:
[Richard] had knowledge of what was going on. He had notice of what was going on regarding the trial He was at the pretrial conference two weeks ago and knew that this was going on. And I can *173 take his absence only being that he chose not to be here today.
The court subsequently proceeded with the trial in Richard's absence and questioned Felicia regarding the parties' property and debts.
The superior court made several findings of fact and conclusions of law based on Felicia's testimony at trial. It found that Felicia incurred "substantial student loans" in the amount of $88,880 during the marriage. It also found that the loans were marital debt, with Felicia and Richard each responsible for half the debt because the loans "were used for marital living expenses as well as education and were treated as marital debt to the extent payment was made on the loans." A divorcee decree was entered on June 6, 2011. Richard filed a motion for reconsider ation that was denied.
Richard appeals, arguing that it was error for the superior court to conclude his absence was voluntary and to proceed to trial without him, and that the superior court erred in its property and debt division.
III STANDARD OF REVIEW
"We will not disturb a trial court's refusal to grant a continuance unless an abuse of discretion is demonstrated. An abuse of discretion exists when a party has been deprived of a substantial right or seriously prejudiced by the lower court's ruling." [2]
IV. DISCUSSION
A. It Was Error For The Superior Court To Proceed To Trial Without First Examining Whether There Was Good Cause Supporting Richard's Absence.
1. Request for continuance
Richard argues that the superior court improperly proceeded to trial notwithstanding his request for a continuance. Richard asserts that after being notified by his employer that he would have to provide emergency transport services to firefighters on the day of trial, he "communicated to [Felicia] and [the] court as best he could considering the emergency nature of his dispatch." In his motion for reconsideration, Richard stated:
I contacted the Court ... Secretary and informed her of my delema [sic], that I was on Fire Charter and could not leave the location to file the necessary paperwork, to let the court know that I would not be able to make the court date of 6/2/11 for my divorce trial. I asked if she could reschedule for later, she said she would inform the Judge of what I told her and that it would be up to the Judge.
Richard implicitly argues that the superior court abused its discretion by refusing to grant his request for a continuance. The preliminary question is whether Richard's phone call to the court's judicial assistant constitutes a request for a continuance that must be considered by the court.
The record shows that Richard called the judicial assistant the day before the trial to inform the court that he would be unable to attend, but he did not file a motion or an affidavit in support of his request for a continuance. Richard had requested continuances in the same manner on two of the three previous occasions when he was absent for court hearings, though on those occasions he did not cite his employment as the cause of his absence. It is clear that the court never issued an order requiring Richard to seek continuances with a written motion served on the other party and to cease making such requests telephonically to the judicial assistant.
Alaska Rule of Civil Procedure 40(e) provides that unless otherwise permitted by the court, a request for a continuance must be made at least five days prior to the date set for trial and "supported by the affidavit of the applicant setting forth all reasons for the continuance."
Richard's oral continuance request to the court's judicial assistant does not meet the formal requirements of Civil Rule 40(e). However, the pleadings of pro se litigants are *174 held to a less stringent standard than those of lawyers, "particularly where 'lack of familiarity with the rules' rather than 'gross neglect or lack of good faith' underlies litigants' errors." [3] Although Richard's telephonic requests with the judicial assistant are not pleadings, it appears the court was aware of them. The superior court has a duty to "inform a pro se litigant of the proper procedure for the action he or she is obviously attempting to accomplish," [4] though the court need not "instruct a pro se litigant as to each step in litigating a claim." [5]
We have acknowledged that "the rules of court may be models of clarity to one schooled in the law, but a pro se litigant might not find them so." [6] Richard tried to request a continuance on three separate occasions, including the day before trial, by calling Felicia and the court's judicial assistant. Nothing in the record indicates that Richard was informed by the court of the impropriety of this method of request; the fact that he employed the same method three times arguably indicates that he believed he was utilizing an appropriate procedure. Indeed, if the allegations in his motion for reconsideration are true, Richard reasonably believed his phone call constituted a proper request to be considered by the court after the judicial assistant passed along his message.
Given the relaxed standards for pro se litigants, the fact that from Richard's point of view he may have reasonably concluded that his earlier telephonic requests for continuances to the judicial assistant were acceptable, and the fact that Richard was never ordered to cease calling for continuances and advised that he needed to file a motion for continuance, we conclude that Richard's phone call the day before trial and his failure to file a motion or submit an affidavit as required by Civil Rule 40(e) constitute a "lack of familiarity with the rules" rather than "gross neglect or lack of good faith." [7] We therefore hold on the unique facts of this case that Richard made a legitimate request for a continuance.
2. Denial of continuance
Richard implicitly argues that it was an abuse of discretion for the superior court to deem his absence voluntary, refuse to grant his telephonic request for a continuance, and proceed to trial. Richard asserts that his absence from trial was not voluntary because, as a bus driver, "hle was part of essential manpower required to mobilize to fight the Hastings and Murphy Dome fires" threatening Fairbanks at the time of trial. Richard asserts that after attempting but "failing to find any substitute worker," he "contacted [Felicia] and the court to advise them [of] his inability to attend the June 6, 2011{sic] trial because of his duties related to the wildfires."
The superior court denied the continuance request and proceeded to trial because it determined that Richard "voluntarily chose not to appear." The superior court based this determination on the following observations: (1) Richard was properly notified of the trial; (2) this was the third trial date for the matter; (8) Richard failed to attend prior court hearings; (4) Richard failed to fully participate or cooperate in related custody matters; (5) Richard was aware from earlier contacts with the court's judicial assistant that he needed to file a motion or stipulation in order to change the court dates,[8] which he failed to do; and (6) Richard appeared at the most recent pretrial conference and was "actually aware" of the trial date.
*175 We review a superior court's refusal to grant a continuance for abuse of discretion.[9] A refusal to grant a continuance constitutes an abuse of discretion "when a party has been deprived of a substantial right or seriously prejudiced." [10] We look to the particular facts and cireumstances of each case to determine "whether the denial of a continuance is so unreasonable or so prejudicial as to amount to an abuse of discretion." [11] "Because of the necessity for orderly, prompt and effective disposition of litigation and the loss and hardship to the parties and witnesses," a motion for continuance should be denied absent a "weighty reason to the contrary."[12] But "the trial court's legitimate concern for preventing delay should not prejudice the substantial rights of parties by forcing them to go to trial without being able to fairly present their case." [13]
Whether Richard's absence was voluntary and without good cause is a factual question. Richard attributed his absence to his mandatory employment responsibilities in his requests to Felicia and the court's judicial assistant, and he made a similar argument in his motion for reconsideration, stating he "was on Fire Charter and could not leave the location to file the necessary paperwork." The superior court did not acknowledge Richard's work situation in its findings of fact or in its denial of the motion for reconsideration and instead determined that because Richard "was aware of the time, date, and place of the trial," his absence was voluntary. The superior court proceeded to trial without Richard on this basis, predicating its findings of fact and conclusions of law regarding the parties' property and debt on Felicia's testimony alone.
While we are mindful of the need for the orderly, prompt, and effective disposition of this matter, Richard's inability to attend the trial constitutes a "weighty reason" to grant his request for continuance if his absence is supported by good cause.[14] The failure to allow Richard to present his case seriously prejudiced his right to participate in his own trial and to rebut Felicia's testimony, which provided the sole basis for the superior court's findings of fact and conclusions of law. The superior court should have inquired into whether Richard had good cause for failing to attend trial-that is, whether his work commitments demanded his presence on the day of trial-or whether his absence was actually voluntary. It was an abuse of discretion for the superior court to find that Richard's awareness of the trial date in itself warranted the denial of his continuance request without first considering whether Richard's absence was supported by good cause.
B. In Light Of The Decision Above, We Do Not Reach The Additional Points On Appeal.
Because the superior court's finding that Richard's absence was voluntary failed to consider whether Richard's work situation provided good cause for his absence, and because our decision today remands this is *176 sue to the superior court, we do not reach the merits of the property and debt division appeal. On remand, the superior court may request further affidavits from the parties or conduct an evidentiary hearing to determine whether there was good cause for Richard's absence or whether it was voluntary. We retain jurisdiction to review those findings unless the court finds that there was good cause for Richard's absence and accordingly orders a new trial.
v. CONCLUSION
Because the superior court failed to consider whether Richard had good cause for failing to appear at trial, we REVERSE the superior court's finding that Richard's absence was voluntary. We REMAND for further proceedings consistent with this opinion. We retain jurisdiction unless the court finds that there was good cause for Richard's absence.
WINFREE, Justice, dissenting.

. Richard also stated at the pretrial conference that the parties disputed his post-separation debt to his father. However, the superior court did not address this debt at trial, and Richard does not contest it on appeal.

. Azimi v. Johns, 254 P.3d 1054, 1059 (Alaska 2011) (quoting House v. House, 779 P.2d 1204, 1206 (Alaska 1989)) (internal quotation marks omitted).

. Kaiser v. Sakata, 40 P.3d 800, 803 (Alaska 2002) (quoting Wright v. Shorten, 964 P.2d 441, 444 (Alaska 1998)).

. Breck v. Ulmer, 745 P.2d 66, 75 (Alaska 1987).

. Bauman v. State, Div. of Family & Youth Servs., 768 P.2d 1097, 1099 (Alaska 1989).

. Genaro v. Municipality of Anchorage, 76 P.3d 844, 846 (Alaska 2003) (quoting Collins v. Arctic Builders, 957 P.2d 980, 982 (Alaska 1998)) (internal quotation marks and alterations omitted).

. See Kaiser, 40 P.3d at 803 (quoting Wright, 964 P.2d at 444).

. Whether the court's judicial assistant informed Richard that he needed to file a motion or stipulation is not reflected in the record.

. Gregoire v. Nat'l Bank of Alaska, 413 P.2d 27, 33 (Alaska 1966).

. Siggelkow v. Siggelkow, 643 P.2d 985, 986-87 (Alaska 1982) (quoting Barreft v. Gagnon, 516 P.2d 1202, 1203 (Alaska 1973)) (internal quotation marks omitted).

. Id. (citations omitted).

. Shooshanian v. Dire, 237 P.3d 618, 623 (Alaska 2010) (quoting Siggelkow, 643 P.2d at 987) (internal quotation marks and alterations omitted).

. Siggelkow, 643 P.2d at 987 (citations omitted).

. We have previously considered whether a superior court's denial of a request for a continuance constitutes an abuse of discretion in the similar context of a moving party's illness. In Azimi v. Johns, we noted that a denial of a continuance where the moving party is ill will be held reversible error only "to the extent that the illness prejudices the party's case by preventing him from adequately preparing for or participating in trial." 254 P.3d 1054, 1060 (Alaska 2011) (citing Siggelkow, 643 P.2d at 987). And in Siggelkow v. Siggelkow, we observed that "the presence of the party at trial is oftentimes indicative of whether the denial resulted in prejudice"; a court is less likely to find prejudice if the party is able to attend trial. 643 P.2d at 987 n. 3. Under this framework, if Richard's absence was involuntary, his work commitments prejudiced his ability to prepare for or participate in the trial, and a continuance was warranted.