*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| RICHARD L. WAGNER, | ) | |
| | ) | Supreme Court No. S-15989 |
| Appellant, | ) | |
| | ) | Superior Court No. 4FA-10-01286 CI |
| v. | ) | |
| | ) | O P I N I O N |
| FELICIA A. WAGNER, | ) | |
| | ) | No. 7145 – January 13, 2017 |
| Appellee. | ) | |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Fourth Judicial District, Fairbanks, Michael P. McConahy, Judge.

Appearances: Richard L. Wagner, pro se, Fairbanks, Appellant. Felicia A. Wagner, pro se, Portland, Oregon, Appellee.

Before: Stowers, Chief Justice, Winfree, Maassen, Bolger, and Carney, Justices.

MAASSEN, Justice.

## I. INTRODUCTION

A woman's premarital student loan was consolidated with other student loans incurred during marriage. Her husband argued at the couple's divorce trial that he should not be responsible for the consolidated loans because they contained the premarital debt and because his wife had wasted loan proceeds by gambling. The superior court, however, held the parties equally responsible for the loans, finding that

it was impossible to extricate the premarital loan from the consolidated loans and that the amounts were all marital debt primarily used to support the family while the wife attended school. It further found that the husband had failed to prove a waste of marital assets.

The husband argues on appeal that these findings were erroneous and that the superior court was biased against him. Concluding that the court's findings are supported by the evidence and that there is no merit to the bias allegation, we affirm the superior court's judgment.

## II. FACTS AND PROCEEDINGS

Felicia and Richard Wagner married in 1993, separated in 2009, and filed for divorce in February 2010. In June 2011 the superior court determined that Richard's failure to appear at the couple's divorce trial was voluntary and unexcused, and proceeded without him.[1] Richard appealed; we reversed and remanded for the superior court to determine whether Richard could show good cause for his failure to appear.[2] On remand the superior court found that Richard's reasons for missing trial were "feeble" and "would not be good cause to excuse a represented party," but because he was self-represented it granted him a new trial.

At the second trial Richard was represented by counsel and Felicia was not. The issues were limited. Richard argued that he should not be liable for Felicia's student loans, including one that was premarital and several that were obtained during the marriage. Although these loans were consolidated during the marriage, he argued that he should not be liable for the premarital portion and that Felicia had wasted much of the

---

[1] *Wagner v. Wagner*, 299 P.3d 170, 171-72 (Alaska 2013).

[2] *Id.* at 176.

marital loan proceeds by her online gambling. According to Felicia, however, the loan proceeds were used primarily to pay the family's rent while they lived in student housing.

The superior court concluded that Felicia's consolidated student loans were entirely marital debt. Lacking evidence about how to "track, back out, or otherwise quantify the value" of the premarital portion, the court was unable to determine "what, if any, of the total loan amount in the context of the subsequent refinancing during the course of the marriage[] is non-marital."

The superior court also found that Richard had failed to prove that Felicia wasted marital assets. The court credited Felicia's testimony that the student loans were used for marital purposes, including her tuition and the couple's rent, noting that the parties did not otherwise earn enough during the marriage to support themselves. The court held each party responsible for half the loans' principal and half their interest.

Richard appeals the superior court's decision not to subtract the premarital loan from the consolidated loans and challenges the court's conclusion that Felicia did not waste marital assets by gambling. He also raises for the first time an argument that the superior court was biased against him.

## III.   STANDARDS OF REVIEW

A trial court's "equitable division of marital assets involves three steps: (1) determining what property is available for distribution, (2) finding the value of the property, and (3) dividing the property equitably."[3]  We review the first and second steps, which involve factual findings "as to the parties' intent, actions, and contributions

---

[3]     *Limeres v. Limeres*, 320 P.3d 291, 296 (Alaska 2014) (citing *Beals v. Beals*, 303 P.3d 453, 458 (Alaska 2013)).

to the marital estate" and the "valuation of property," for clear error.[4] We review the third step, "the equitable allocation of property," for abuse of discretion.[5] A property division is an abuse of discretion if it is clearly unjust; it will also be set aside if it is based on a clearly erroneous factual finding or mistake of law.[6]

"We review de novo the question of whether a judge appears biased, which is assessed under an objective standard."[7]

## IV.     DISCUSSION

### A.     The Superior Court Did Not Clearly Err When It Found That Felicia's Premarital Loan Was Transmuted Into Marital Debt Through Loan Consolidation.

Richard first challenges the superior court's decision that responsibility for Felicia's student loans should be shared equally. Felicia obtained student loans from a number of sources; these included a 1992 premarital loan with a principal amount of

---

[4]     *Id*. (citing *Beals*, 303 P.3d at 459). The first step may also involve legal questions with regard to the characterization of property as marital or separate, *id.*, but no such questions are raised in this case.

[5]     *Id.* (citing *Beals*, 303 P.3d at 459).

[6]     *Jones v. Jones*, 942 P.2d 1133, 1136 (Alaska 1997) (first citing *McDaniel v. McDaniel*, 829 P.2d 303, 305 (Alaska 1992); then citing *Malone v. Malone*, 587 P.2d 1167, 1167 (Alaska 1978) (per curiam); and then citing *Wanberg v. Wanberg*, 664 P.2d 568, 570 (Alaska 1983)).

[7]     *Sagers v. Sackinger*, 318 P.3d 860, 863 (Alaska 2014).

$1,313,[8] federal loans during the marriage totaling $27,272,[9] and a state loan during the marriage of $29,610.[10] In July 2004 she consolidated several of these loans, including the premarital loan, into two new loans.[11] Richard argues that the superior court erred when it held him liable for the part of the consolidated loans he says is attributable to Felicia's premarital debt.

Generally, a spouse is not liable for the other spouse's premarital debts or liabilities.[12] "Whether an initially nonmarital debt transmutes into a marital liability is a question of intent and acceptance."[13] But "[d]ebt incurred during marriage is presumptively marital; the party claiming otherwise must show that the parties intended

---

[8] In March 1993, when repayment of this loan was scheduled to begin, Felicia owed $1,480.16 including interest; future interest was at eight percent. The 2004 loan consolidation paid off $928.42, which was apparently all that remained of the debt.

[9] As of February 2011, $46,738 was owed on the consolidated federal loans.

[10] By March 2009 the estimated outstanding principal and interest of the Alaska Commission on Postsecondary Education loan was $46,341.29. By February 2011 the estimate had dropped to $41,642, presumably because Felicia's wages and Permanent Fund Dividend were being garnished to pay the loan.

[11] Debt consolidation pays off the original loans and creates a new loan based on the balance of the original loans. *See Debt Consolidation*, BLACK'S LAW DICTIONARY (10th ed. 2014); Doug Rendleman & Scott Weingart, *Collection of Student Loans: A Critical Examination*, 20 WASH. & LEE J. CIV. RTS. & SOC. JUST. 215, 259-61 (2014), http://scholarlycommons.law.wlu.edu/cgi/viewcontact.cgi?article=1367&context=crsj.

[12] AS 25.15.050.

[13] *Ginn-Williams v. Williams*, 143 P.3d 949, 956 (Alaska 2006), *superseded in part on other grounds by statute*, Gulf Opportunity Zone Act of 2005, Pub. L. No. 109-135, § 404(a), 119 Stat. 2577, 2633-34 (codified as amended at 26 U.S.C. § 152(e)), *as recognized in Dodge v. Sturdevant*, 335 P.3d 510, 511 n.5 (Alaska 2014).

it to be separate."[14] In *Richter v. Richter*, for example, a couple borrowed money from the husband's mother to pay off the wife's student loans; upon divorce the husband argued that his wife should bear sole responsibility for repaying the debt to his mother.[15] We rejected the husband's argument because "[t]he loan from [the husband's mother] was acquired during the parties' marriage and therefore became presumptively marital debt."[16] The husband did not prove that the couple intended the loan to remain separate; he was thus unable to overcome the presumption that the loan was a marital debt.[17]

The consolidated loans in this case, too, were incurred during the marriage and were "presumptively marital debt."[18] It was therefore Richard's burden to prove that the couple intended to keep separate the amount of the consolidated loans, if any, that could be attributed to the premarital debt. But apart from generally denying that he knew anything about Felicia's student loans — an assertion the superior court found not credible — Richard did not present evidence that the couple intended part of the consolidated loans to remain separate debt of Felicia's. Nor did he provide an evidentiary basis on which the court could calculate what that separate amount might be. The superior court did not clearly err when it found that the full amount of the consolidated loans was marital debt.

---

[14]    *Richter v. Richter*, 330 P.3d 934, 938 (Alaska 2014).

[15]    *Id.* at 938-40.

[16]    *Id.* at 939.

[17]    *Id.* at 939-40.

[18]    *See id.* at 939.

**B.**     **The Superior Court Did Not Abuse Its Discretion When It Equally Allocated Responsibility For The Marital Debt.**

Richard next challenges the superior court's conclusion that he failed to prove that Felicia wasted marital assets on gambling.  Equal division of marital assets and liabilities is presumptively correct,[19] but the superior court may vary this formula in order to reach an equitable distribution; a party's waste of marital assets may be one reason to vary.[20]  Although marital waste typically occurs post-separation,[21] we concluded in *Jones v. Jones* that gambling losses incurred during marriage could be treated as waste if "there has been unreasonable depletion of marital assets."[22]  But proof of gambling alone does not establish waste.[23]  We have cautioned judges against applying their own personal "value judgments concerning the nature of discretionary spending during a marriage";[24] "[w]hat seems wasteful to one party may be a treasured

---

    **19**     *Limeres v. Limeres*, 320 P.3d 291, 296 (Alaska 2014) (citing *McLaren v. McLaren*, 268 P.3d 323, 332 (Alaska 2012)).

    **20**     *See Merrill v. Merrill*, 368 P.2d 546, 547 n.4 (Alaska 1962) (enumerating factors for the trial court to consider); *see also* AS 25.24.160(a)(2)(E)*; Jones v. Jones*, 942 P.2d 1133, 1139 (Alaska 1997).

    **21**     *Jones*, 942 P.2d at 1139.

    **22**     *Id.*; AS 25.24.160(a)(2)(E). "Unreasonable depletion" typically requires a showing that a party used marital property with an intent to deprive the other spouse of his or her proportionate share of the property during a time when the marriage was breaking down.  *Jones*, 942 P.2d at 1140.

    **23**     *Jones*, 942 P.2d at 1139-40 & n.7.

    **24**     *Id.* at 1139.

source of solace to another, and it should generally not be for a judge to say which is which."[25]

Richard bore the burden of proving that Felicia wasted marital assets by gambling.[26]  He testified that he was unaware of the amount of the loans, that Felicia used the proceeds to fund her gambling addiction, and that he was unaware of the extent of her gambling losses until he was preparing for trial.  Felicia countered that Richard was "spending the rent money out of the joint account on gambling," but she also testified that the student loans were used to pay rent while the couple lived in student housing, "and [Richard] was well aware of that."

The superior court's written findings considered both Richard's and Felicia's testimony about the marital loans and concluded that Felicia's testimony about how the money was used was more credible, especially in light of the parties' tax returns, low income, receipt of public assistance, and use of student housing during part of the marriage.  Factual and credibility assessments are the responsibility of the trial court,[27] and we see no clear error in the superior court's findings.  The superior court did not abuse its discretion when, on the basis of those findings, it allocated the marital student loan debt equally.

---

[25]    *Id.*

[26]    *Brandal v. Shangin*, 36 P.3d 1188, 1194 (Alaska 2001) ("[T]he party seeking deviation from the [equal division of marital property] bears the burden of showing that the property division is clearly unjust." (citing *Julsen v. Julsen*, 741 P.2d 642, 645 (Alaska 1987))).

[27]    *Lentine v. State*, 282 P.3d 369, 375-76 (Alaska 2012) (quoting *In re Adoption of A.F.M.*, 15 P.3d 258, 262 (Alaska 2001)).

**C.    The Superior Court Did Not Demonstrate Bias Against Richard.**

Finally, Richard argues that the superior court demonstrated bias against him when it "refused to allocate the premarital student loan debt to [Felicia], even though neither party disputed this debt belonged to [her]," and when it failed to sua sponte schedule an additional evidentiary hearing once it concluded "that this premarital student loan debt was too difficult to calculate" on the existing record. But "judicial bias should not be inferred merely from adverse rulings";[28] besides, we uphold the superior court's allocation decision. And the court was not required to give Richard another chance to prove at a post-trial evidentiary hearing what he failed to prove at trial — even if Richard had asked for such a chance, which he did not do.[29]

Our own review of the record "fails to reveal any unfairness in the conduct of the [proceedings]" or any instances of bias.[30] Richard's arguments appear to be "little more than evidence of [his] general dissatisfaction with the court's rulings,"[31] and we conclude that they are without merit.

**V.    CONCLUSION**

The judgment of the superior court is AFFIRMED.

---

[28]    *Kinnan v. Sitka Counseling*, 349 P.3d 153, 160 (Alaska 2015) (quoting *Khalsa v. Chose*, 261 P.3d 367, 376 (Alaska 2011)).

[29]    Indeed, Richard's counsel admitted in closing argument that "[w]e cannot determine how much additional" debt in interest and penalties might be associated with the premarital student loan.

[30]    *Ward v. Urling*, 167 P.3d 48, 58 (Alaska 2007) (alteration in original) (quoting *Long v. Long*, 816 P.2d 145, 156 (Alaska 1991)).

[31]    *Id*. (citing *Lacher v. Lacher*, 993 P.2d 413, 422 (Alaska 1999)).