**NOTICE**

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| LOUIS HOLGER EKLUND, | ) | |
| | ) | Supreme Court No. S-18248 |
| Appellant, | ) | |
| | ) | Superior Court No. 2KB-19-00201CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| STATE OF ALASKA, DEPARTMENT | ) | AND JUDGMENT* |
| OF CORRECTIONS, | ) | |
| | ) | No. 1931 – November 23, 2022 |
| | ) | |
| Appellee. | ) | |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Second Judicial District, Kotzebue, Nelson Traverso, Judge.

Appearances: Louis Holger Eklund, pro se, Springfield, MO, Appellant. No appearance by Appellee State of Alaska.

Before: Winfree, Chief Justice, Maassen, Carney, Borghesan, and Henderson, Justices.

I. INTRODUCTION

A self-represented, incarcerated litigant filed a complaint against the Department of Corrections (DOC). He requested an exemption from having to pay the associated filing fee, and submitted all but one of the forms required to support his filing fee exemption request. The superior court denied the request and subsequently

---

\*      Entered under Alaska Appellate Rule 214.

dismissed the case. Because the superior court abused its discretion when it denied the litigant's fee exemption request without first informing him of the procedural error and giving him an opportunity to correct it, we vacate the superior court's order and remand for further proceedings.

## II. FACTS AND PROCEEDINGS

Louis Holger Eklund[1] was incarcerated at the Anchorage Correctional Complex in August 2019 when he filed the complaint in this case. Along with his complaint, Eklund submitted a "Prisoner Request for Filing Fee Exemption" on court form CIV-670. He explained that he had "spent all of [his] money" in previous litigation and was "going without food to pay filing fees." Eklund also attached his DOC account statement, which showed that he had $0.48 remaining at the end of the statement period. The statement also revealed that much of his money from the past six months had gone to copies, postage, and court fees. He did not attach the required financial statement on court form CR-206 and instead crossed out "on court form CR-206" on form CIV-670.

The superior court denied Eklund's fee waiver request in September 2019, "find[ing] that no exceptional circumstances prevent the prisoner from paying the full filing fee." Eklund took no further action in the case. In October 2021 the court dismissed the case without prejudice under Alaska Administrative Rule 9(f)(4) for failure to pay the filing fee.[2]

Eklund appeals. The State did not participate in this appeal.

---

[1] In the superior court, Mr. Eklund called himself "Louis Holger," but he filed this case as Louis Holger Eklund. We refer to him as Eklund here.

[2] A "civil case or proceeding will be dismissed without prejudice and without notice if, within 30 days from the date of filing, the filing fee has not been paid or a fee waiver has not been requested." Alaska R. Admin. 9(f)(4).

## III. STANDARD OF REVIEW

We review "a trial court's decisions concerning whether to inform a [self-represented] litigant of specific defects in a pleading and whether to provide an opportunity to remedy those defects" for abuse of discretion.[3] We will find abuse of discretion "when the decision on review is manifestly unreasonable."[4]

## IV. DISCUSSION

Eklund argues on appeal that Administrative Rule 9(f)(4) is unconstitutional on multiple grounds. We decline to address these constitutional arguments, and instead hold that the superior court abused its discretion when it failed to inform Eklund of his procedural error and provide him an opportunity to correct it.

To be exempt from filing fees under AS 09.19.010, a prisoner suing the state must show that "exceptional circumstances" exist that prevent the prisoner from paying the full filing fee.[5] To show exceptional circumstances, prisoners must submit an affidavit that sets out "the prisoner's complete financial situation" and "the circumstances that prevent the prisoner from paying full filing fees,"[6] along with "a certified copy of the prisoner's account statement from the correctional facility" where the prisoner is held.[7]

To facilitate compliance with these requirements, the Alaska Court System Prisoner Request for Filing Fee Exemption form (form CIV-670) instructs prisoners to submit a "certified copy of [the prisoner's] account statement for the past

---

[3] *Bush v. Elkins*, 342 P.3d 1245, 1251 (Alaska 2015) (quotation omitted).

[4] *Smith v. State, Dep't of Corr.*, 447 P.3d 769, 776 (Alaska 2019) (quoting *Lingley v. Alaska Airlines, Inc.*, 373 P.3d 506, 511 (Alaska 2016)).

[5] AS 09.19.010(a).

[6] AS 09.19.010(b)(1)(A)-(B).

[7] AS 09.19.010(b)(2).

six months from the Department of Corrections."[8]  The form also states that the prisoner will "attach[] a filled out Financial Statement on court form CR-206."  The CR-206 form solicits a wide range of financial information, such as outside income, expenses, and assets.[9]

In this case, Eklund explained the circumstances that prevented him from paying the full filing fee in the CIV-670 form.  He also attached a certified DOC account statement, but did not submit a CR-206 form.

It is well settled that "where a self-represented litigant is obviously attempting to accomplish a discrete action and his procedural failing is the result of a lack of familiarity with the rules rather than gross neglect or lack of good faith, the superior court retains an obligation to inform that litigant of the proper procedure for that action."[10]  In return for this leniency, a self-represented litigant is expected to make an effort to comply with the rules of procedure.[11]  Whether a superior court erred in instructing a self-represented litigant depends on the facts and circumstances of the case.[12]

Here, Eklund was obviously attempting to accomplish a very discrete action, applying for a filing fee exemption.  He complied in good faith with many of the procedural requirements.  He completed and submitted the correct CIV-670 form,

---

[8]  ALASKA CT. SYS., COURT FORM CIV-670 PRISONER REQUEST FOR FILING FEE EXEMPTION (Dec. 2014), https://public.courts.alaska.gov/web/forms/docs/civ-670.pdf.

[9]  ALASKA CT. SYS., COURT FORM CR-206 FINANCIAL STATEMENT (Jan. 2020), https://public.courts.alaska.gov/web/forms/docs/cr-206.pdf.

[10]  *Bush v. Elkins*, 342 P.3d 1245, 1253 (Alaska 2015) (quoting *Wagner v. Wagner*, 299 P.3d 170, 174 (Alaska 2013) (internal quotation marks omitted)).

[11]  *Gilbert v. Nina Plaza Condo Ass'n*, 64 P.3d 126, 129 (Alaska 2003).

[12]  *Smith v. State, Dep't of Corr.*, 447 P.3d 769, 781 (Alaska 2019).

attached his DOC account statement as required, and explained why he was unable to pay the filing fee. Eklund's only apparent error is that he did not attach the required "Financial Statement on court form CR-206" and instead crossed out "on court form CR-206." While Eklund's reason for not providing form CR-206 is unclear, it could easily have arisen from confusion about whether additional financial disclosure was needed beyond the DOC account statement. It is also possible Eklund believed that the DOC form conveyed his complete financial situation and therefore that the CR-206 was redundant. In either case, his failure reflects "lack of familiarity with the rules rather than gross neglect or lack of good faith."[13]

It is also unclear why the superior court found no exceptional circumstances prevented Eklund from paying the full filing fee. But Eklund's failure to file the CR-206 form is the only obvious defect in his filing fee exemption request. Given that Eklund was clearly attempting to accomplish a discrete action, and his only procedural error appears to have been made in good faith, we hold that the superior court abused its discretion by denying Eklund's fee exemption request without first informing him of his procedural error and providing him an opportunity to correct it.

## V.    CONCLUSION

The superior court's orders denying Eklund's filing fee exemption request and dismissing the matter are VACATED. The case is REMANDED for further proceedings.

---

[13]    *Bush*, 342 P.3d at 1253.